IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HANSHOW TECHNOLOGY CO., LTD. AND SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD.<br><br>Plaintiffs,<br><br>v.<br><br>SES-IMAGOTAG SA, SES-IMAGOTAG GMBH AND CAPTANA GMBH<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

1. Plaintiffs Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co., Ltd. (collectively, "Hanshow") file this Complaint against Defendants SES-imagotag SA, SES-imagotag GmbH and Captana GmbH (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

2. This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, Section 271, *et seq.*, involving the following United States Patents (collectively, "Asserted Patents") and seeking damages and injunctive relief as provided in 35 U.S.C. §§ 281 and 283–285.

| |
|---|
| U.S. Patent No. 11,087,272 (Exhibit 1, "'272 patent") |
| U.S. Patent No. 10,701,321 (Exhibit 2, "'321 patent") |

## THE PARTIES

3. Plaintiff Hanshow Technology Co., Ltd. is a corporation organized under the laws of China with its principal place of business at Floor 4, Building 1 and Floor 7, Building 5, Jiaxing Guangfu Innovation Park, No.1288 Kanghe Road, Xiuzhou District, Jiaxing, Zhejiang Province, China.

4. Plaintiff Shanghai Hanshi Information Technology Co., Ltd. is a corporation organized under the laws of China with its principal place of business at Room 155, Building L, No.2399 Zuchongzhi Road, Pudong New Ara, Shanghai, China 201203.

5. Hanshow specializes in, among other things, the research and development, production, sales, and service of Electronic Shelf Label ("ESL") devices, including its Stellar Pro series and Nebular series, which are sold/used throughout the world, including the United States.

6. Defendant SES-imagotag SA is a French corporation with its principal place of business at 55 Place Nelson Mandela, CS 60106, 92024 Nanterre Cedex, France.

7. Defendant SES-imagotag GmbH is an Austrian corporation with its principal place of business at Kalsdorfer Strasse 12, AT-8072 Fernitz-Mellach, Austria.

8. Defendant Captana GmbH is a Germany corporation with its principal place of business at Bundesstr. 16, 77955 Ettenheim, Germany.

9. Defendants market, advertise, and/or otherwise promote globally the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION electronic shelf labels ("VUSION ESLs"), as shown in the document "VUSION '27: A VUSION for the future" (attached as Exhibit 3).



Ex. 3 at 93.

## JURISDICTION AND VENUE

10. Jurisdiction and venue for this action are proper in this Judicial District.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Defendants are subject to personal jurisdiction of the State of Texas consistent with the principles of due process and the Texas Long Arm Statute. Tex. Civ. Prac. & Rem. Code §§ 17.041, et seq.

13. The State of Texas has personal jurisdiction over Defendants because Defendants, directly or through intermediaries, have established minimum contacts with the State of Texas such that exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. In particular, on information and belief, Defendants (i) have a regular and established place of business in the State of Texas, (ii) have purposefully availed themselves of the rights and benefits of the laws of the State of Texas, (iii) have done and are doing substantial business

in the State of Texas, either directly or through intermediaries, and/or (iv) maintain continuous and systematic contacts in the State of Texas.

14.     For example, on information and belief, Defendants maintain regular and established places of business in at least Irving, Texas (a suburb of Dallas) and continue to advertise job opportunities related to the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION electronic shelf labels ("VUSION ESLs"), in the State of Texas, as shown in the document "VUSION '27: A VUSION for the future" (attached as Exhibit 3) and multiple job postings found on Defendants' own website (accessible on https://www.ses-imagotag.com/careers/ and attached as Exhibit 4, Exhibit 5 and Exhibit 6).



Ex. 3, at 155.

# Open positions

Building together the future of retail IoT

5 Results | United States of Amer | Departments | Types

## Material Cost Analyst – COGS

Apply Now

**ses imagotag**

Build your Career with us - Our Job Offers - SES-imagotag

## Supply Planner

Apply Now

## Customer Success Associate

Apply Now

Ex. 4, at 10–11.

SES-imagotag SA Supply Planner | SmartRecruiters



# Supply Planner

- 
- Full-time

## Company Description

**Who We Are**

SES-imagotag empowers retailers to turn their physical stores into powerful digital assets, more automated, data-driven, AI enabled and connected, by leveraging our IoT Cloud technology.

We are a fast-growing retail-tech company and the global leader in digital and IoT solutions for omnichannel retail.

SES-imagotag is made up of highly talented, innovative, motivated, growth mindset team players who have created products like the VUSION Retail IoT Cloud platform, the Captana Sensor Cloud, Pulse Data Analytics and Edge Digital Media all powered by our limitless VUSION Operating System where thousands of organizations unlock the value of their data with near-unlimited scale, concurrency, and performance.

We invent technologies that create a positive impact on society by enabling sustainable and human-centered commerce.

Ex. 5, at 2.

## Other jobs at SES-imagotag SA

- Production Test Engineer

  Fernitz bei Graz, Austria

- Material Cost Analyst - COGS

  Irving, TX

- Account Manager

  Düsseldorf, Germany

- Show all jobs

*Id.* at 4.



SES-imagotag SA Material Cost Analyst - COGS | SmartRecruiters

# Material Cost Analyst - COGS

- Full-time

## Company Description

**Who We Are**

SES-imagotag empowers retailers to turn their physical stores into powerful digital assets, more automated, data-driven, AI enabled and connected, by leveraging our IoT Cloud technology.

We are a fast-growing retail-tech company and the global leader in digital and IoT solutions for omnichannel retail.

SES-imagotag is made up of highly talented, innovative, motivated, growth mindset team players who have created products like the VUSION Retail IoT Cloud platform, the Captana Sensor Cloud, Pulse Data Analytics and Edge Digital Media all powered by our limitless VUSION Operating System where thousands of organizations unlock the value of their data with near-unlimited scale, concurrency, and performance.

We invent technologies that create a positive impact on society by enabling sustainable and human-centered commerce.

Ex. 6, at 2.

## Other jobs at SES-imagotag SA

- Investor Relations Manager

  Nanterre, France

- Consolideur senior H/F

  Nanterre, France

- Responsable Normes IFRS H/F

  Nanterre, France

- Show all jobs

Powered by
(Data Processor)
Privacy Policy and Terms of Use

*Id.*, at 4.

15.    On information and belief, Defendants have made, used, provided, supplied, distributed, sold, offered for sale, and/or imported the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION ESLs in the State of Texas and continue to do so.

16.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants are foreign corporations that are not resident in the United States.

## THE ASSERTED PATENTS

### U.S. PATENT NO. 11,087,272

17.     Plaintiff Shanghai Hanshi Information Technology Co., Ltd. is the current assignee of U.S. Patent No. 11,087,272 ("'272 patent") entitled "System and method for location, identifying and counting items" and is the lawful owner of all rights, title, and interest in the '272 patent, including the right to sue and recover for infringement.  A copy of the '272 patent is attached hereto as Exhibit 1, which was duly and legally issued on August 10, 2021, naming Sarjoun Skaff, Jonathan Davis Taylor, Stephen Vincent Williams, and Simant Dube as inventors.

18.     The '272 patent presented novel and unconventional devices and methods "for product or other inventory monitoring."  Ex. 1, '272 patent at 1:57–59.  One embodiment of the inventions of the '272 patent is shown in FIG. 6, "a flowchart 600 illustrating in more detail how a product space for a realogram can be created without requiring an initial planogram," reproduced below.



Fig. 6

*Id.* at FIG. 6.

19. The claims of the '272 patent, including claim 1, recite at least these inventive concepts of the '272 patent.

1. A method comprising:

capturing one or more images of a portion of a shelf with a camera;

detecting and reading content of a shelf label on the portion of the shelf within the one or more images;

>defining one or more product facing bounding boxes surrounding one or more corresponding facings of a product within the one or more images;
>
>associating the shelf label content with each of the one or more product facing bounding boxes that includes and defines each of the one or more corresponding product facings;
>
>cross-correlating the one or more product facing bounding boxes and one or more other product facing bounding boxes across one or more stores by matching the shelf label content with other shelf label content associated with the one or more other product facing bounding boxes;
>
>building training data based on the association of the shelf label content with the cross-correlated product facing bounding boxes;
>
>using the training data to build a product classifier; and
>
>using the product classifier to classify an item as the product.

*Id.* at claim 1.

## U.S. PATENT NO. 10,701,321

20. Plaintiff Hanshow Technology Co. Ltd. is the current assignee of U.S. Patent No. 10,701,321 ("'321 patent") entitled "System and method for distributed video analysis" and is the lawful owner of all rights, title, and interest in the '321 patent, including the right to sue and recover for infringement. A copy of the '321 patent is attached hereto as Exhibit 2, which was duly and legally issued on June 30, 2020, naming Ian Christopher Westmacott and Steve Carney as inventors.

21. The '321 patent presented novel and unconventional devices and methods "for the processing of the image data by separating the analysis into separate object detection and object analysis functions or systems." Ex. 2, '321 patent at 2:8-10. One embodiment of the inventions of the '321 patent is shown in FIG. 1, "a schematic block diagram of an embodiment of a distributed video surveillance system according to the invention," reproduced below.

FIG. 1

*Id.* at FIG. 1.

22. The claims of the '321 patent, including claim 1, recite at least these inventive concepts of the '321 patent.

1. A video surveillance system, comprising:

one or more surveillance cameras that capture image data;

an object detection system that detects objects of interest within the image data and extracts portions of frames that include the detected objects of interest and sends the extracted portions of the frames; and

a video analytics system that receives only the extracted portions of the frames of the image data, transmitted over a network, from the object detection system, the image data received by the video analytics system corresponding to objects of interest detected by the object detection system, the video analytics system analyzing the objects of interest;

wherein the video analytics system receives the image data from multiple object detection systems after being transmitted over the network and the video analytics system is operated by a different business entity than the one or more surveillance cameras; and

wherein the image data corresponding to objects of interest detected by the object detection system are ranked by the object detection system according to factors including close proximity of the objects of interest to the one or more surveillance cameras, picture quality of the objects of interest, and/or contrast of the objects of interest to create a ranking and the ranking is saved in metadata with the image data and an object analysis

system of the video analytics system reads the rankings within the metadata and decides whether or not to analyze the image data.

*Id.* at claim 1.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,087,272

23. Hanshow incorporates by reference the allegations contained in paragraphs 1–22.

24. Defendants have made, used, provided, supplied, distributed, sold, offered for sale, and/or imported products, including the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION ESLs, that infringe either literally or under the doctrine of equivalents, one or more claims of the '272 patent in violation of 35 U.S.C. § 271(a), including at least Claims 1 and 18. A comparison of Claims 1 and 18 of the '272 patent to the accused products is attached as Exhibit 7, which is incorporated herein by reference.

25. On information and belief, Defendants have actively induced and continue to induce the direct infringement of one or more claims of the '272 patent in violation of 35 U.S.C. § 271(b), with knowledge that Defendants' actions constituted patent infringement. On information and belief, Defendants actively induce infringement by their customers and/or end users by creating and/or distributing data sheets, requirements documents, assembly instructions and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '272 patent, without license or authority from Hanshow.

26. By way of example, on information and belief, Defendants actively induce infringement of the '272 patent by actively marketing, advertising, and/or otherwise promoting the VUSION digital shelf platform, which includes, among other things, the accused infringing

Captana devices, systems, and/or functionality, and VUSION ESLs, on their website (https://www.ses-imagotag.com/products/captana/).  Defendants provide written guidance (available at https://www.ses-imagotag.com/wp-content/uploads/2021/05/Captana_EN_PRELIM.pdf) and videos on the website encouraging customers and end users to purchase and operate the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION ESLs, in a manner that infringes at least one claim of the '272 patent.

27. On information and belief, Defendants have contributorily infringed and continue to contributorily infringe one or more claims of the '272 patent in violation of 35 U.S.C. § 271(c), by using, offering for sale, selling, and/or importing material parts of the inventions claimed in the '272 patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '272 Asserted Claims.

28. Defendants have knowledge of the '272 patent at least as of the date when they were notified of the filing of this action. Defendants' direct and indirect infringements of the '272 Patent have thus been committed with knowledge of the '272 patent. On information and belief, such infringements are also knowing, intentional and deliberate, and such infringements are continuing after the notice of the filing of this action, making Defendants liable for direct, indirect, and willful infringement.

29. On information and belief, Defendants will continue to infringe the '272 patent unless and until it is enjoined by this Court.  Defendants, by way of their infringing activities, have caused and continue to cause Hanshow to suffer damages in an amount to be determined,

and have caused and are causing irreparable harm.  Hanshow has no adequate remedy at law against Defendants' infringing acts and will continue to suffer irreparable harm unless Defendants are enjoined by this Court.

30. Hanshow reserves the right to assert additional claims in light of information learned during discovery or in view of this Court's claim construction order.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,701,321

31. Hanshow incorporates by reference the allegations contained in paragraphs 1–30.

32. Defendants have made, used, provided, supplied, distributed, sold, offered for sale, and/or imported products, including the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION ESLs, that infringe either literally or under the doctrine of equivalents, one or more claims of the '321 patent in violation of 35 U.S.C. § 271(a), including Claims 1 and 13.  A comparison of Claims 1 and 13 of the '321 patent to the accused products is attached as Exhibit 8, which is incorporated herein by reference.

33. On information and belief, Defendants have actively induced and continue to induce the direct infringement of one or more claims of the '321 patent in violation of 35 U.S.C. § 271(b), with knowledge that Defendants' actions constituted patent infringement.  On information and belief, Defendants actively induce infringement by their customers and/or end users by creating and/or distributing data sheets, requirements documents, assembly instructions and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '321 patent, without license or authority from Hanshow.

34. By way of example, on information and belief, Defendants actively induce infringement of the '321 patent by actively marketing, advertising, and/or otherwise promoting the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION ESLs on their website (https://www.ses-imagotag.com/products/captana/). Defendants provide written guidance (available at https://www.ses-imagotag.com/wp-content/uploads/2021/05/Captana_EN_PRELIM.pdf) and videos on the website encouraging customers and end users to purchase and operate the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION ESLs, in a manner that infringes at least one claim of the '321 patent.

35. On information and belief, Defendants have contributorily infringed and continue to contributorily infringe one or more claims of the '321 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing material parts of the inventions claimed in the '321 patent, which are not a staple article or commodity of commerce suitable for substantial non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '321 Asserted Claims.

36. Defendants have knowledge of the '321 patent at least as of the date when they were notified of the filing of this action. Defendants' direct and indirect infringements of the '321 patent have thus been committed with knowledge of the '321 patent. On information and belief, such infringements are also knowing, intentional and deliberate, and such infringements are continuing after the notice of the filing of this action, making Defendants liable for direct, indirect, and willful infringement.

37.  On information and belief, Defendants will continue to infringe the '321 patent unless and until they are enjoined by this Court.  Defendants, by way of their infringing activities, have caused and continue to cause Hanshow to suffer damages in an amount to be determined, and have caused and are causing irreparable harm.  Hanshow has no adequate remedy at law against Defendants' infringing acts and will continue to suffer irreparable harm unless Defendants are enjoined by this Court.

38.  Hanshow reserves the right to assert additional claims in light of information learned during discovery or in view of this Court's claim construction order.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Hanshow hereby demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Hanshow requests that the Court enter judgment for Plaintiffs and against Defendants and enter the following relief:

(A)  An adjudication that Defendants have infringed and continue to infringe the '272 patent;

(B)  An accounting of all damages sustained by Hanshow as a result of Defendants' acts of infringement of the '272 patent;

(C)  An adjudication that Defendants have infringed and continue to infringe the '321 patent;

(D)  An accounting of all damages sustained by Hanshow as a result of Defendants' acts of infringement of the '321 patent;

(E)  An award of damages to Hanshow adequate to compensate Hanshow for Defendants' past and continuing acts of patent infringement, together with pre-judgment and post-judgment interest;

(F)   A determination that Defendants' infringement of the '272 patent and the '321 patent has been willful.

(G)   An award to Hanshow of enhanced damages, up to and including trebling of Hanshow's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the '272 patent;

(H)   An award to Hanshow of enhanced damages, up to and including trebling of Hanshow's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement of the '321 patent;

(I)   A determination that this action is an exceptional case under 35 U.S.C. § 285, and an award of Hanshow's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of the case, or as otherwise permitted by law;

(J)   Entry of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants, and each of their agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with Defendants, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors, from further acts of direct and indirect infringement with respect to the '272 Asserted Claims and the '321 Asserted Claims; and

(K)   The granting of any other relief at law or in equity that this Court deems just and proper.

Dated on this 19th day of December, 2023.        Respectfully submitted,

*/s/ Geoff Culbertson*

Hao Tan (IL Bar No. 6314119)
Shen Wang (IL Bar No. 6314224)
Peter J. Curtin (IL Bar No. 6332596)
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
HaoTan@archlakelaw.com
ShenWang@archlakelaw.com
Pete_curtin@archlakelaw.com

Boyd Cloern (DC Bar No. 471829)
STEPOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-429-6230
bcloern@steptoe.com

Jamie Lucia (CA Bar No. 246163)
Benjamin Ho (CA Bar No. 321072)
STEPTOE LLP
One Market Plaza
Steuart Tower, 10th Floor, Suite 1070
San Francisco, CA 94105
Phone: 415 365-6711
jlucia@steptoe.com
bho@steptoe.com

Geoff Culbertson
PATTON, TIDWELL &
CULBERTSON, LLP
2800 Texas Boulevard,
Texarkana,Texas 75503
Phone: 903-792-7080
Fax: 903-792-8233
gpc@texarkanalaw.com

*Attorneys for Plaintiffs HANSHOW TECHNOLOGY CO., LTD. and SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD.*

- 19 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on December 19, 2023.

*/s/ Geoff Culbertson*
Geoff Culbertson