# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| HANSHOW TECHNOLOGY CO., LTD. AND SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD.<br><br>Plaintiffs,<br><br>v.<br><br>SES-IMAGOTAG SA, SES-IMAGOTAG GMBH AND CAPTANA GMBH<br>Defendants. | Case No. 2:23-cv-00617-RWS-RSP |

## UNOPPOSED MOTION TO RESET TRIAL DATE AND AMEND DOCKET CONTROL ORDER

Defendants VusionGroup SA (f/k/a SES-Imagotag SA), VusionGroup GmbH (f/k/a SES-Imagotag GmbH), and Captana GmbH (collectively, "Defendants") respectfully requests that the Court to reschedule the jury selection date of October 20, 2025 and corresponding pretrial-deadlines set by the Court at its April 3, 2024 Scheduling conference by 12 weeks to approximately January 12, 2026, or to the Court's earliest available trial date after that time. Defendants believe good cause exists for the requested extension as explained below. This Motion is unopposed.

The current deadline set by the Court for jury selection in this case is October 20, 2025. Counsel for Defendants have significant case dispositive deadlines scheduled in a related matter currently pending in this District between the same parties (*Hanshow Technology Co., Ltd. v. SES-Imagotag SA and SES Imagotag GmbH*, 2:23-cv-00174-RWS-RSP) that substantially conflict with the jury selection date currently selected by the Court. At present, counsel

believes that the instant case is likely to proceed to trial. The overlap in scheduling, given the current pretrial and trial dates set by the Court, will substantially affect Defendant's ability to adequately and effectively prosecute either case during those conflicting timeperiods, and in any case, compound the cost of litigation in both cases given the overlapping deadlines. Defendants believe that these conflicts can be remedied by a short, 12 week, extension of the trial date from October 20, 2025.

For clarification, Defendants are not requesting a reschedule of the currently scheduled Claim Construction hearing.

This Motion is brought early in the case, before a complete Docket Control Order has been adopted by the Court and is not brought for the purpose of delay.

Counsel for Defendants have conferred with counsel for Plaintiffs, and Plaintiffs are not opposed to the relief requested herein.

For all the foregoing reasons, Defendants respectfully requests the Court to reschedule the trial date 12 weeks or at the Court's earliest available trial date after that time and amend the current dates selected by the Court as follows:

| Court's Current Jury Selection Date and Proposed Pretrial Deadlines | Defendants' Proposed Jury Selection Date and Proposed Pretrial Deadlines | Event |
|---|---|---|
| October 20, 2025 | January 12, 2026 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| 7 days before Jury Selection | 7 days before Jury Selection | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses.[1] |

---

[1] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

| 10 days before Jury Selection | 10 days before Jury Selection | *Plaintiff to disclose final election of Asserted Claims.[2] |
|---|---|---|
| September 22, 2025 | December 15, 2025 | *If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[3] |
| September 16, 2025 | December 9, 2025 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| September 8, 2025 | December 1, 2025 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| September 8, 2025 | December 1, 2025 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations. |

---

[2] Given the Court's past experience with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

[3] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

| | | |
|---|---|---|
| September 2, 2025 | November 25, 2025 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| | November 17, 2025 | Objections to Pretrial Disclosures.<br><br>Each party must serve a list disclosing any **objections** and the relevant grounds, including any objections under Federal Rule of Evidence 402 and 403, to:<br>(a) any other party's deposition designation;<br>(b) the admissibility of disclosed exhibits; and<br>(c) the use of any witnesses.<br><br>Any objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.  The parties are **ORDERED** to meet and confer to resolve any disputes before filing any objections to pretrial disclosures. |
| | November 10, 2025 | Serve Objections to Rebuttal Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| | October 27, 2025 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof. |
| July 28, 2025 | October 20, 2025 | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7€, not to exceed the deadline as set forth in this Docket Control Order. Motions for Summary Judgment shall comply with Local Rule CV-56. |
| July 14, 2025 | October 6, 2025 | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |

| | | |
|---|---|---|
| July 14, 2025 | October 6, 2025 | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| | September 22, 2025 | Deadline to Complete Expert Discovery |
| | September 5, 2025 | Serve Disclosures for Rebuttal Expert Witnesses |
| | August 22, 2025 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| | August 22, 2025 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| | May 6, 2025 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| April 15, 2025 | April 15, 2025 | *Claim Construction Hearing – 9:00 a.m. in **Marhsall, Texas** before Judge Roy Payne |
| April 1, 2025 | April 1, 2025 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| March 25, 2025 | March 25, 2025 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| | March 18, 2025 | Comply with P.R. 4-5(b) Responsive claim construction brief and supporting evidence due. |
| | March 4, 2025 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a) |
| | March 4, 2025 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to |

| | | |
|---|---|---|
| | | produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| | February 18, 2025 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| | February 11, 2025 | File Response to Amended Pleadings |
| | February 4, 2025 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| January 28, 2025 | January 28, 2025 | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| | January 14, 2025 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| | December 17, 2024 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms |
| | July 29, 2024 | Plaintiffs' Deadline to Respond to Defendants' Motion to Dismiss |
| | July 8, 2024 | Deadline to Complete Jurisdictional Discovery |
| 6 Weeks After Scheduling Conference | May 15, 2024 | Comply with Standing Order Regarding Subject-Matter Eligibility Contentions |
| 6 Weeks After Scheduling Conference | May 15, 2024 | Comply with P.R. 3-3 & 3-4 Invalidity Contentions |
| | April 25, 2024 | Plaintiff's Deadline to Answer or Otherwise Respond to Complaint |
| 3 Weeks After Scheduling Conference | April 24, 2024 | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

WHEREFORE, Defendant respectfully prays that the trial date be rescheduled 12 weeks

after October 25, 2025 to January 12, 2026 or to the earliest available trial date after that time, and adopt Defendants Unopposed proposed Docket Control Order reflecting the same. A proposed order, including a complete Proposed Docket Control Order reflecting this change, is filed herewith.

Dated: April 17, 2024

Respectfully submitted,

*/s/ Matthew C. Acosta*
Matthew C. Acosta
Texas State Bar No. 24062577
PLATT RICHMOND PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
Tel. (214) 559-2700
Fax: (214) 559-4390


Grant E. Kinsel
Washington State Bar No. 49576
Perkins Coie LLP
1201 Third Avenue Suite 4900
Seattle, WA 98101
Tel: (206) 359-3516
Fax: (206) 359-9000


Eric H. Findlay
State Bar No. 00789886
Findlay Craft, P.C.
7270 Crosswater Avenue
Suite B
Tyler, TX 75703
Tel: (903) 534-1100
Fax: (903) 534-1137

*Attorneys for Defendants VusionGroup SA and VusionGroup GmbH.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on April 17, 2024, counsel for Defendants met and conferred with counsel for Plaintiffs and came to an agreement over the proposed schedule. Plaintiffs are unopposed to this motion and the relief requested within.

*/s/ Matthew C. Acosta*
Matthew C. Acosta

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 17, 2024, a true and correct copy of the above foregoing document was served on the counsel of record via the Court's CM/ECF system.

*/s/ Matthew C. Acosta*
Matthew C. Acosta