IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HANSHOW TECHNOLOGY CO., LTD. AND SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD.,<br><br>*Plaintiff,*<br><br>v.<br><br>SES-IMAGOTAG SA, SES-IMAGOTAG GMBH AND CAPTANA GMBH<br><br>*Defendants.* | Case No. 2:23-CV-00617-RWS-RSP |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

Defendant VusionGroup SA f/k/a SES-imagotag SA ("VusionGroup" or "Defendant") answers and asserts the following affirmative defenses and counterclaims to the Complaint for Patent Infringement (Dkt. 1, the "Complaint"), filed by Plaintiffs Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co. Ltd. ("Hanshow" or "Plaintiffs"). SES-imagotag SA changed its corporate name to VusionGroup SA on January 10, 2024.

1. Defendant admits the Complaint was filed against Defendant and is purportedly based on Hanshow's knowledge, information, and belief.

**NATURE OF THE ACTION**

2. Defendant admits that this is a civil action for patent infringement under 35 U.S.C. § 271, *et seq.*, involving U.S. Patent Nos. 11,087,272 ("'272 Patent") and 10,701,321 ("'321 Patent"). Defendant further admits that Plaintiffs seek damages and injunctive relief by way of their Complaint. To the extent that Paragraph 2 contains allegations that have not be explicitly

admitted, they are denied.

## THE PARTIES

3. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6. Defendant denies that Defendant SES-imagotag SA is properly named in the Complaint.  Defendant admits that VusionGroup SA (formerly SES-imagotag SA) is a French corporation and maintains an office at the address identified in Paragraph 6.  To the extent that this paragraph contains allegations that have not be explicitly admitted, they are denied.

7. Defendant denies that Defendant SES-imagotag GmbH is properly named in the Complaint. Defendant admits that VusionGroup GmbH (formerly SES-imagotag GmbH) is an Austrian corporation and maintains an office at the address identified in Paragraph 7.  To the extent that this paragraph contains allegations that have not be explicitly admitted, they are denied.

8. Defendant admits that Captana GmbH is a German corporation and maintains an office at the address identified in Paragraph 8.  To the extent that this paragraph contains allegations that have not be explicitly admitted, they are denied.

9. Defendant denies the allegations of Paragraph 9.  Defendant denies that the portion of the document in Plaintiffs' Exhibit 3 depicted in this paragraph accurately supports the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. Defendant denies the allegations in Paragraph 10.

11. Defendant admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a).

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14. Defendant denies that the portions of the documents in Plaintiffs' Exhibits 3, 4, and 5 depicted in Paragraph 14 accurately supports the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

## THE ASSERTED PATENTS

### U.S. PATENT NO. 11,087,272

17. Defendant admits that Exhibit 1 appears to be a copy of the '272 Patent and that the face of the patent states that it was issued on August 10, 2021. Defendant further admits that the face of the '272 Patent names Sarjoun Skaff, Jonathan Davis Taylor, Stephen Vincent Williams, and Simant Dube as inventors. Defendant denies that the title of the '272 Patent is accurately stated in Paragraph 17. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, and therefore deny them.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant admits that Paragraph 19 purports to recite claim 1 of the '272 Patent. Defendant denies that the '272 Patent recites any inventive concepts. To the extent that this paragraph contains allegations that have not been explicitly admitted, they are denied.

### U.S. PATENT NO. 10,701,321

20. Defendant admits that Exhibit 2 appears to be a copy of the '321 Patent, the title

of the patent is accurately stated in Paragraph 20, and that the face of the patent states that it was issued on June 30, 2020. Defendant further admits that the face of the '321 Patent names Ian Christopher Westmacott and Steve Carney as inventors. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20, and therefore deny them.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant admits that Paragraph 22 purports to recite claim 1 of the '321 Patent. Defendant denies that the '272 Patent recites any inventive concepts. To the extent that this paragraph contains allegations that have not been explicitly admitted, they are denied.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,087,272

23. To the extent that Plaintiffs have incorporated the allegations of its Complaint's Paragraphs 1-22 into its Paragraph 23, Defendant fully incorporates its response to each of those respective paragraphs.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. To the extent that Paragraph 30 contains allegations, Defendant denies them.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,701,321

31. To the extent that Plaintiffs have incorporated the allegations of its Complaint's Paragraphs 1-30 into its Paragraph 31, Defendant fully incorporates its response to each of those

respective paragraphs.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

## JURY TRIAL DEMANDED

Defendant admits that Plaintiff demands a trial by jury but denies that Plaintiff is entitled to a trial by jury on any of the asserted claims or issues.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint or any other kind of relief whatsoever. Defendant has not infringed and does not infringe, either directly or indirectly, any claim of the '272 and '321 Patents or any of the other. The '272 and '321 Patents are invalid under at least one of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without conceding that any of the following must necessarily be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing allegations and denials, and without prejudice to Defendant's right to plead additional defenses as discovery warrants, Defendant asserts the following affirmative defenses for the '272 and '321 Patents with knowledge as to its own actions and on information and belief with respect to the actions of others.

### FIRST AFFIRMATIVE DEFENSE
### (Non-infringement of the '272 and '321 Patents)

1. Defendant has not infringed and does not infringe, directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, or in any other way, any claim of the '272 and '321 Patents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '272 and '321 Patents)

2. The claims of the '272 and '321 Patents are invalid and/or void for failure to comply with one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### THIRD AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

3. The claims of the '272 and '321 Patents are invalid and/or void under the doctrine of inequitable conduct.

### FOURTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief for the '272 and '321 Patents)

4. Plaintiff is not entitled to injunctive relief with respect to the '272 and '321 Patents because any injury is not immediate or irreparable, and there is an adequate remedy at law if any remedy is required.

5. Plaintiff is not entitled to injunctive relief at least because neither Plaintiff nor any

licensee of Plaintiff practices the claims of the '272 and '321 Patents in the United States. Further, neither Plaintiff nor any licensee of Plaintiff make, offer to sell, or sell any product, system, method, feature, or solution that practices the claims of the '272 and '321 Patents.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel, Laches and/or Statute of Limitations)

6. The remedies requested by Plaintiff for alleged infringement of the '272 and '321 Patents arebarred by the doctrines of laches and estoppel, including but not limited to prosecution history estoppel, judicial estoppel, claim construction estoppel, prosecution history laches, and/or the statute of limitations under 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE
### (Not an Exceptional Case)

7. Plaintiff cannot prove that this is an exceptional case justifying an award of attorney's fees against Defendant pursuant to 35 U.S.C. § 285.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement of the '272 and '321 Patents)

8. Defendant has not and does not intentionally, willfully, or deliberately infringed, either literally or under the doctrine of equivalents, any claim of the '272 and '321 Patents.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mark or Provide Notice)

9. Plaintiff's claims for relief and alleged damages for alleged infringement of the '272 and '321 Patents are limited by 35 U.S.C. § 287 to the extent that Plaintiff or its predecessors-in-interest have failed to give notice of the Asserted Patents before the filing of the Complaint.

### RESERVATION OF ADDITIONAL DEFENSES

10. Defendant reserves the right to assert additional affirmative defenses under Federal Rule of Civil Procedure 8(c) or the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further

factual investigation in this case.

Dated: April 25, 2024                    Respectfully submitted,

/s/ Matthew C. Acosta
Matthew C. Acosta
Texas State Bar No. 24062577
Alex Jacobs
Texas Bar No. 24124175
ajacobs@plattrichmond.com
Heather M. Crabill
Texas State Bar No. 24131151
hcrabill@plattrichmond.com
PLATT RICHMOND PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
Tel. (214) 559-2700
Fax: (214) 559-4390

Grant E. Kinsel
Washington State Bar No. 49576
Perkins Coie LLP
1201 Third Avenue Suite 4900
Seattle, WA 98101
Tel: (206) 359-3516
Fax: (206) 359-9000

Matthew J. Moffa
New York State Bar No. 5045067
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036

Eric H. Findlay
State Bar No. 00789886
Findlay Craft, P.C.
7270 Crosswater Avenue
Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137

*Attorneys for Defendants VusionGroup SA, VusionGroup GmbH, and Captana GmbH.*

## CERTIFICATE OF SERVICE

      The undersigned counsel for Defendants does hereby certify that this pleading was served on all counsel of record on April 25, 2024 by the Court's ECF system.

                                            */s/ Matthew C. Acosta*
                                            MATTHEW C. ACOSTA