**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HANSHOW TECHNOLOGY CO., LTD. AND SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD | § § § § § § | Case No. 2:23-cv-00617-RWS-RSP |
| Plaintiffs, | § § § | |
| v. | § § § | |
| SES-IMAGOTAG SA, SES-IMAGOTAG GMBH AND CAPTANA GMBH | § § § § § | |
| Defendants. | § § § | |

---

**DEFENDANTS VUSIONGROUP GMBH f/k/a SES-IMAGOTAG GMBH and CAPTANA GMBH'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2) AND BRIEF IN SUPPORT**

---

Defendants VusionGroup GmbH (f/k/a SES-Imagotag GmbH) ("VusionGroup GmbH") and Captana GmbH (collectively, the "Moving Defendants"), by and through undersigned counsel, hereby file this Motion to Dismiss Plaintiffs Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co., Ltd.'s (collectively, "Hanshow") Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Brief in Support.  In support thereof the Moving Defendants show as follows:

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................................I

TABLE OF AUTHORITIES ............................................................................................ II

I.   INTRODUCTION ..................................................................................................... 1

II.  FACTS ....................................................................................................................... 1

III. SUMMARY OF THE ARGUMENT ...................................................................... 3

IV. ARGUMENT AND AUTHORITIES...................................................................... 3

    A.   LEGAL STANDARD – PERSONAL JURISDICTION ..................................... 3

    B.   THE COURT LACKS GENERAL JURISDICTION OVER THE MOVING DEFENDANTS...... 4

    C.   THE COURT LACKS SPECIFIC JURISDICTION OVER THE MOVING DEFENDANTS........ 5

        i.    *The Moving Defendants Have Not Directed Any Activities to Texas.* ................. 6

        ii.   *The Court Lacks Personal Jurisdiction Under a Stream of Commerce Theory.* 8

        iii.  *Personal Jurisdiction Over the Moving Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice.* ...................................................... 9

    D.   PERSONAL JURISDICTION CANNOT BE ESTABLISHED UNDER FED. R. CIV. P. 4(K)(2). ............................................................................................... 11

    E.   VUSIONGROUP GMBH'S APPEARANCE IN PRIOR LITIGATION DOES NOT WAIVE ITS CHALLENGE TO PERSONAL JURISDICTION IN THIS CASE .......................................... 12

V. CONCLUSION ............................................................................................. 14

CERTIFICATE OF SERVICE ........................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*AFTG-TG, LLC v. Nuvoton Technology Corp.*,
  689 F.3d 1358 (Fed. Cir. 2012) ............................................................. 10

*Asahi Metal Indus. Co. v. Superior Court*,
  480 U.S. 102 (1987) ....................................................................... 4, 10

*Carmona v. Leo Ship Mgmt., Inc.*,
  924 F.3d 190 (5th Cir. 2019) ................................................................. 8

*Clemens v. McNamee*,
  615 F.3d 374 (5th Cir. 2010) ................................................................. 4

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ........................................................................... 5

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*,
  943 F.3d 239 (5th Cir. 2019) ................................................................. 9

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021) ........................................................................... 5

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*,
  888 F.3d 753 (5th Cir. 2018) ................................................................. 9

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ........................................................................... 4

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873 (2011) .......................................................................... 10

*Lewis v. Fresne*,
  252 F.3d 352 (5th Cir. 2001) ................................................................. 4

*McFadin v. Gerber*,
  587 F.3d 753 (5th Cir. 2009), cert denied, 131 S. Ct. 68 (2010); ..................... 4, 11

*Monkton Ins. Servs., Ltd. v. Ritter*,
  768 F.3d 429 (5th Cir. 2014) .............................................................. 5, 6

*NexLearn, LLC v. Allen Interactions, Inc.*,
  859 F.3d 1371 (Fed. Cir. 2017) ............................................................. 6

*Rozenblat v. Sandia Corp.*,
  No. 05-1556, 2006 WL 678923, at *3 (Fed. Cir. Mar. 17, 2006) ......................... 15

*Stroman Realty, Inc. v. Wercinski*,
   513 F.3d 476 (5th Cir. 2008) ............................................................................. 6

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*,
   563 F.3d 1285 (Fed.Cir.2009) ........................................................................ 14

*Touchcom, Inc. v. Bereskin & Parr*,
   574 F.3d 1403 (Fed. Cir. 2009 ................................................................ 13, 14

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l*, *PLC*,
   406 F. Supp. 3d 585 (E.D. Tex. 2019) ...................................................... 8, 9, 15

**Rules**

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 3

Federal Rule of Civil Procedure 4(k)(2) .................................................................... 11

## I.      INTRODUCTION

VusionGroup SA is a French corporation and the corporate parent of the two moving Defendants VusionGroup GmbH—an Austrian company—and Captana GmbH—a German company. Ex. 1 ¶ 4; Ex. 2 ¶ 4. The primary accused products are Captana™ sensors and camera systems (the "Accused Products"). These products are sold in the United States by Captana, Inc. and VusionGroup, Inc.—neither of which are named defendants. Hanshow did not name these obvious parties because neither are present in this district and Hanshow wanted to manufacture venue here. So, it named only foreign entities. But the foreign entities Hanshow named are not present in the United States, do not operate in the United States, and do not sell the accused products in the United States. Indeed, VusionGroup GmbH (the Austrian entity) is a technology research organization with no products at all, and Captana GmbH (the German entity) exclusively makes and sells its products and services outside of the United States; it does not import its products into (or perform services in) the United States. So, while venue might be technically correct, personal jurisdiction over these defendants is not.[1] The Court should dismiss VusionGroup GmbH and Captana GmbH for want of personal jurisdiction.

## II.      FACTS

VusionGroup SA is a French corporation and the parent company of Defendants VusionGroup GmbH and Captana GmbH. Ex. 1 ¶ 3; Ex. 2 ¶ 3. VusionGroup SA develops, sells, and manufactures its products in Europe (and in other locations outside of the United States) Ex. 1 ¶ 5; Ex. 2 ¶ 4. But neither VusionGroup GmbH nor Captana GmbH sell, market, import, or

---

[1] VusionGroup SA, the corporate parent for both defendants, does not move to dismiss for lack of personal jurisdiction and is filing herewith an answer to Hanshow's complaint. VusionGroup SA does not, however, concede that personal jurisdiction over it is appropriate in this Court, and specifically, reserves all objections with respect to personal jurisdiction.

manufacture the accused Captana™ devices in the United States, let alone in Texas. Ex. 1 ¶ 7; Ex. 2 ¶ 11.

VusionGroup GmbH is a corporation organized and existing under the laws of Austria. Ex. 1 ¶ 4. VusionGroup GmbH is a wholly owned subsidiary of VusionGroup SA, but has at all times, maintained its separate corporate identity from both VusionGroup SA and Captana GmbH. *Id*. ¶ 5. VusionGroup GmbH's primary business is developing technology and holding related intellectual property. *Id*. ¶ 6. VusionGroup GmbH does not make, sell, offer to sell, or import any Accused Products in the United States or the State of Texas. *Id*. ¶ 7. It also does not have a place of business or employees in the United States or the State of Texas. *Id*. ¶ 8.

Captana GmbH is a corporation organized and existing under the laws of Germany. Ex. 2 ¶ 6. Captana GmbH is a wholly owned subsidiary of VusionGroup SA, but it, like VusionGroup GmbH, has at all times maintained its separate corporate identity. *Id*. ¶ 9. Captana GmbH was initially a technology startup known as "Findbox."   *Id*. ¶ 7. In 2017, Findbox was acquired by VusionGroup SA. *Id*. ¶¶ 7-8; *see also* Ex. 3 to Hanshow's Complaint [Dkt. 1] at p. 6 (VusionGroup SA's Strategic Plan indicating that it acquired Findbox in or around 2017). Captana GmbH has been an independent, operational company and brand before and after it was acquired by VusionGroup SA. *Id*. ¶ 9. It develops its own technologies and has maintained largely uninterrupted leadership, with Michael Unmussig serving as its CEO, since its founding. *Id*. ¶ 9; *see* Ex. 3 to Hanshow's Complaint [Dkt. 1] at p. 120 (listing Mr. Unmussig as Captana's CEO). Captana GmbH does not market, sell, offer for sale, or import any products into the United States or the State of Texas. *Id*. It also does not maintain a place of business or employees in the United States or the State of Texas. *Id*. ¶ 11.

### III.    SUMMARY OF THE ARGUMENT

The Court does not have personal jurisdiction over either VusionGroup GmbH or Captana GmbH because they are both foreign companies with no operations, employees, or sales of Accused Products in the United States or the State of Texas.  Besides the initial paragraphs of its Complaint, Hanshow lumps these separate entities together, referring to them collectively as "defendants." But Hanshow pleads no facts to support its assertion that the Court has personal jurisdiction over any of the named defendants. Indeed, the barebone facts Hanshow does allege relate to entities not named in the complaint.[2]  In fact, screenshots and attachments included as part of Hanshow's Complaint, suggest that the Moving Defendants do not have the necessary contacts for personal jurisdiction to exist against them in Texas and thus are not proper parties to this lawsuit. *See generally* Dkt. 1 Ex. 3. Besides general statements concerning "Defendants", Plaintiffs' Complaint offers no specific facts suggesting that the Moving Defendants have sufficient contacts with the forum to confer personal jurisdiction.  Plaintiffs' insufficient jurisdictional pleading is grounds enough to dismiss the Moving Defendants from this case, but nevertheless, the facts confirm that the Moving Defendants have no relationship to the forum and should be dismissed.

### IV.    ARGUMENT AND AUTHORITIES

#### A.  Legal Standard – Personal Jurisdiction

A district court must dismiss an action if it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction.

---

[2]    Hanshow is presumably well aware that there are two U.S. based VusionGroup-related parties that it declined to name in this case. This is so because Hanshow and VusionGroup have been involved in litigation in multiple jurisdictions for several years. Thus, Hanshow's decision not to name any of the U.S.-based entities was intentional. Therefore, to the extent that Hanshow later requests leave to add these parties, the Court should deny that request.

*Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). "A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v.* Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert denied, 131 S. Ct. 68 (2010); *see also* Fed. R. Civ. P. 4(k)(1). Because the Texas long-arm statute extends as far as constitutional due process allows, this Court need only consider the second step of the inquiry. *Id.*

The Supreme Court established a two-pronged test to determine if personal jurisdiction comports with due process: (1) whether the defendant has the requisite minimum contacts with the forum state; and (2) whether the defendant's submission to jurisdiction in the forum state would not infringe on "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987); *Int'l Shoe Co. v.* Washington, 326 U.S. 310, 316 (1945). "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Neither is present here.

## B. The Court Lacks General Jurisdiction Over the Moving Defendants.

General jurisdiction requires that "a defendant [be] essentially at home in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (internal quotation omitted). A defendant is "at home" when its contacts with the forum state are "continuous and systematic." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Corporations are considered "at home" in the state of "its place of incorporation and principal place of business." *Ford*, 529 U.S. at 358 (citations omitted). The Supreme Court has recently made it clear that the exercise of general jurisdiction arises in "only a limited set of affiliations with a forum [that] will render a defendant amenable to

all-purpose jurisdiction there." *Daimler*, 571 U.S. at 137. The Fifth Circuit concurs, finding that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business of a defendant." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Neither VusionGroup GmbH nor Captana GmbH are incorporated or have a principal place of business in Texas or the United States. Hanshow does not allege otherwise.  Nor has it pled any facts relating to the "limited set of affiliations" that would suggest that either Moving Defendant had "continuous and systematic" contacts with Texas. As such, Hanshow cannot establish general jurisdiction as to either defendant.

### C.  The Court Lacks Specific Jurisdiction Over the Moving Defendants.

Specific jurisdiction is established when a Plaintiffs' claims arise out of or relate to the defendant's contacts with the forum state. *Id*. at 359 (internal citations and quotations omitted). "The defendant … must take some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Id*. (internal quotation omitted).  A plaintiff "must show that the defendant deliberately reached out beyond its home—by, for example, exploi[ting] a market in the forum State or entering a contractual relationship centered there." *Id*. (internal quotations omitted).

The requirements for specific jurisdiction can be coalesced as follows: "(1) the defendant purposefully directed its activities to the forum State; (2) the claims arise out of or relate to those activities (collectively, the minimum contacts prong); and (3) the assertion of jurisdiction is reasonable and fair." *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017); *see also Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008).

i.   **The Moving Defendants Have Not Directed Any Activities to Texas.**

The Moving Defendants do not have the minimum contacts with Texas that are necessary to establish personal jurisdiction in this forum. Each of the alleged instances of "contacts" identified in the Complaint are either contacts by a separate entity or do not meet the standard of minimum contacts under Texas law.

Hanshow alleges that jurisdiction exists because "[o]n information and belief, [VusionGroup GmbH and Captana GmbH] have made, used, provided, supplied, distributed, sold, offered for sale, and/or imported . . . the accused infringing Captana devices . . . in the State Texas and continue to do so". *See* Dkt. 1 (Complaint) ¶ 15. But this is factually incorrect. Ex. 1 ¶ 7; Ex. 2 ¶ 12.

Neither VusionGroup GmbH nor Captana GmbH make, sell, advertise, or import any Captana™ products in or into the United States or the State of Texas. Ex. 1 ¶ 7; Ex. 2 ¶ 12.  Indeed, as corroborated in the exhibits attached to the complaint, the Moving Defendants *do not* have a presence in the United States, much less with respect to the Captana™ Accused Devices. Hanshow's Exhibits 5-6, partially depicted in their Complaint, include "job postings" for "*SES-imagotag SA*" (now VusionGroup SA), and not SES-imagotag GmbH (now VusionGroup GmbH) or Captana GmbH. *See passim* Dkt. No. 1, Exs. 5-6. Those same exhibits make reference to the "Captana Sensor Cloud" within the SES-imagotag SA job description. Further, Plaintiffs' Exhibit 3 is a presentation for VusionGroup SA's 2022-2027 Strategic Plan. *See generally* Dkt. 1 at Ex. 3. Plaintiffs' Exhibit 3 specifically shows that Captana maintains its own CEO, separate from the SES-imagotag leadership. *Id.* at p. 120 (listing Captana GmbH's CEO). Plaintiffs' exhibits do not mention VusionGroup (or SES-imagotag) GmbH at all.

Next, Hanshow alleges that Defendants are doing substantial business in Texas, "either

directly or indirectly through intermediaries[.]" Dkt. 1 (Complaint) ¶ 13. Hanshow does not identify any specific "intermediaries." Nor does Hanshow explain the factual basis for attributing acts of the unnamed intermediaries to VusionGroup GmbH or Captana GmbH. It is well-established law that personal jurisdiction does not arise out of the unilateral acts of third parties, including unnamed intermediaries. *See Wapp Tech Ltd. P'ship v. Micro Focus Int'l*, *PLC*, 406 F. Supp. 3d 585, 595 (E.D. Tex. 2019) (internal quotation omitted) ("The Supreme Court has forbidden the exercise of jurisdiction over a defendant on the basis of unilateral acts of third-parties."). Thus, even if Hanshow's allegations were correct, they would not establish personal jurisdiction over either defendant.

Hanshow has also failed to show that the Moving Defendants have themselves engaged in "substantial business" in Texas. Besides general allegations as to "Defendants," collectively, Hanshow has not pled any specific facts indicating that VusionGroup GmbH or Captana GmbH have sufficient contacts with Texas or this forum for the Court to properly exercise personal jurisdiction. *See, e.g.*, Dkt. 1 ¶¶ 10-15, pp. 57-228; *see Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (To establish minimum contacts, Plaintiff must show that Defendants "purposefully availed [themselves] of the benefits and protections of the forum state such that [they] should reasonably anticipate being haled into court there.").

Hanshow does not allege *any* specific contacts in Texas (or the United States in general) associated with either VusionGroup GmbH or Captana GmbH. Hanshow acknowledges in its Complaint that VusionGroup GmbH is an Austrian company with a principal place of business in Austria, and that Captana GmbH is a German company with a principal place of business in Germany. Dkt. 1 ¶¶ 7-8. Yet, the *only* evidence that Hanshow presents in its complaint to establish this Court's personal jurisdiction over the Moving Defendants is the presence of *SES-Imagotag*

*America's—an entity that is not a party to this case—*office in Irving, Texas, and job postings for *SES-Imagotag SA* showing availability in an Irving office. *Id.* ¶¶ 10-15; *see Wapp Tech,* 406 F. Supp. 3d at 595;  *see also Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 251 (5th Cir. 2019) (internal quotation omitted) ("Generally, the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated."). Plaintiffs do not allege any contacts in Texas by VusionGroup GmbH or Captana GmbH. As such, Plaintiffs' claims against the Moving Defendants must be dismissed.

### ii.    The Court Lacks Personal Jurisdiction Under a Stream of Commerce Theory.

Nor can Hanshow establish specific jurisdiction under a so-called "stream of commerce" theory. The stream of commerce "doctrine recognizes that a defendant may purposely avail itself of the protection of a state's laws—and thereby will subject itself to personal jurisdiction—by sending its goods rather than its agents into the forum." *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018) (internal quotation omitted). However, this theory is inapplicable to the Moving Defendants.

Hanshow has not pled sufficient facts to allege a plausible theory of personal jurisdiction under a stream of commerce theory as to the Moving Defendants. *See AFTG-TG, LLC v. Nuvoton Technology Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) ("The paltry allegations in the complaint cannot support the exercise of personal jurisdiction in [the forum].").  As mentioned previously, VusionGroup GmbH does not sell any products whatsoever, let alone in Texas. Ex. 1 ¶¶ 6-7. And other than conclusory allegations leveled against all Defendants collectively, Plaintiffs do not offer any specific facts suggesting that Captana GmbH purposefully directs products to the state of Texas (or anywhere else in the United States). *See Asahi Metal Indus. Co. v. Superior Ct. of*

*California, Solano Cnty.*, 480 U.S. 102, 112 (1987) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.").

In fact, the evidence confirms the opposite—that neither Moving Defendant has directed its activities toward Texas at all. Ex. 1 ¶¶ 7-8; Ex. 2 ¶¶ 11-12; *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) ("These facts may reveal an intent to serve the U.S. market, but they do not show that [defendant] purposefully availed itself of the New Jersey market.").

Accordingly, because VusionGroup GmbH and Captana GmbH lack sufficient contacts with the forum to support the exercise of personal jurisdiction, the case against them should be dismissed.

### iii.   Personal Jurisdiction Over the Moving Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice.

The exercise of personal jurisdiction over a defendant is proper only if it would not offend notions of fair play and substantial justice. The exercise of jurisdiction over a defendant offends traditional notions of fair play and substantial justice where "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the Plaintiffs' interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009). Here, each of these factors weighs against this Court's jurisdiction.

First, the burden on the VusionGroup GmbH and Captana GmbH would be substantial. As stated, VusionGroup GmbH is located in, and conducts its business in Austria, and Captana GmbH is located in, and conducts its business in Germany. All the relevant personnel and evidence related to these companies is located in Austria and Germany, because they are headquartered and operate in Europe. The companies have no employees in the United States. *See* Ex. 1 ¶ 8; Ex. 2 ¶ 11. The

Moving Defendants would be unduly burdened by time and expense if forced to litigate this case in a forum of which they have not purposefully availed themselves.

Second, while this State may have a general interest in dissuading patent infringement within its borders, it has no interest in parties, such as the Moving Defendants, who do not operate or sell any products within its borders or in the United States. Hanshow has alleged no particular sales within the State or any significant presence in the State whatsoever. Hanshow itself is from China with no obvious connection to the State.

As such, this case is very different from one in which a Texas resident is seeking to obtain a judgment from another Texas resident, or even a resident of another U.S. state. Instead, this case is in Texas due solely to Hanshow's venue manipulation.  The tenants of fair play and substantial justice exist precisely to create a stop gap when, at the very least, neither party have any connection to the State.   In any event, to the extent the State has any interest in this case, its interest is protected because this case will, at the very least, be litigated as to VusionGroup SA.

Third, and similarly, the Plaintiffs' interests in securing relief will not be negatively impacted by dismissing the Moving Defendants. This case will nevertheless proceed and will simply not include  parties with no connection to the State. Moreover, Plaintiffs are not domiciled in Texas—they are Chinese companies, and they have not alleged that they have any interest in Texas besides their desire to file a lawsuit here.

Fourth, dismissing the Moving Defendants would have no impact on the "efficient administration of justice". Hanshow and Defendants have been engaged in litigation for several years in other forums. *See, e.g.*, *SES-Imagotag SA, et al. v. Hanshow America, Inc. and Hanshow Technology Co. Ltd.*, Case No. 1:23-cv-01667-BMC (E.D.N.Y.). Hanshow knows full well by now who it should have named in this suit, but conveniently omitted the parties that would have

deprived the Court of venue. have simply sued wrong parties. Because the Moving Defendants to not have employees, sales, products, or marketing in the United States this is not a case of competing forums, but rather, the improper exercise of jurisdiction over a foreign entities operating outside of the United States. So, this litigation would claim this Court's time for matters that involve parties, activities, and events that do not affect this State.

Fifth, the only social policy at issue here is to enforce the patent laws of the United States, which will be served by the existence of this lawsuit, litigating over the same Accused Products, following dismissal of the Moving Defendants. Neither the social interests of the United States, Texas, or indeed, Plaintiffs are offended by the dismissal of the Moving Defendants.

Therefore, litigating in this State would offend traditional notions of fair play and substantial justice. The Moving Defendants should be dismissed.

### D.  Personal Jurisdiction Cannot Be Established Under Fed. R. Civ. P. 4(k)(2).

Federal Rule of Civil Procedure 4(k)(2) allows for the exercise of personal jurisdiction in Federal question claims where a defendant is not subject to jurisdiction in any state's courts, and exercising jurisdiction is consistent with the United States Constitution and laws. The Federal Circuit describes Rule 4(k)(2) as closing,

> a loophole that existed prior to the 1993 amendments of the Federal Rules of Civil Procedure. Before the adoption of Rule 4(k)(2), a non-resident defendant who did not have "minimum contacts" with any individual state sufficient to support [the] exercise of jurisdiction, but did have sufficient contacts with the United States as a whole, could escape jurisdiction in all fifty states.

*Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1414 (Fed. Cir. 2009

Thus, for Federal question cases in which a defendant does not identify a particular jurisdiction that is appropriate for personal jurisdiction, *see id.*, at 1415, the court analyzes, not only the defendant's contacts with the forum state, but with the United States in general. As the

Federal Circuit put it, "Rule 4(k)(2) 'contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits.' Thus, while the test of specific jurisdiction under 4(k)(2) involves the same steps … , we must consider appellees 'contacts with the nation as a whole.'" *Id.* at 1416 (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297, 1296 (Fed.Cir.2009)).

In this case, the analysis is the same as above because neither defendant has any contacts with the United States such that the exercise of jurisdiction over the defendants is consistent with Due Process. This is not a circumstance where the defendants have contacts with the United States but not a particular state. Instead, neither of the Moving Defendants are incorporated or have principal places of business in the United States, Ex. 1 ¶¶ 4, 8; Ex. 2 ¶¶ 5, 12, the Moving Defendants do not direct any activity towards the United States, Ex. 1 ¶ 7; Ex. 2 ¶ 12, Plaintiffs' claims do not arise out of any supposed contacts by the Moving Defendants with the United States, and personal jurisdiction under Rule 4(k)(2) would offend traditional notions of fair play and substantial justice. 4(k)(2), thus, cannot and does not apply.

### E.  VusionGroup GmbH's Appearance In Prior Litigation Does Not Waive Its Challenge to Personal Jurisdiction In This Case[3]

It does not matter that VusionGroup GmbH did not challenge personal jurisdiction in *Hanshow Technology Co., Ltd. v. SES-Imagotag SA and SES-Imagotag GmbH* Case No. 2:23-cv-00174 (E.D. Tex.) ("*Hanshow I*"). This is so because courts have consistently held that a party's prior appearance does "not necessarily waive the personal jurisdiction requirement in future

---

[3]The Moving Defendants have also not waived their challenge to personal jurisdiction by filing joint or unopposed case management motions in this case as required by the Court's orders. *See Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 315 (5th Cir. 2020) (no waiver of jurisdictional challenge when case was pending for over two years and, prior to filing an initial Rule 12 Motion, Defendant had participated in discovery, filed jury demand, negotiated a joint protective order, moved to extended discovery deadlines, and a scheduling order was modified with a new trial date).

actions, nor constitute related business conduct within the jurisdiction." *Wapp Tech.*, 406 F. Supp. at 594 (quoting *Rozenblat v. Sandia Corp.*, No. 05-1556, 2006 WL 678923, at *3 (Fed. Cir. Mar. 17, 2006)) (holding that a defendant did not waive its personal jurisdiction challenge even though it appeared in another, unrelated case in the same district); *see also Rozenblat*, 2006 WL 678923, at * 3 (holding that defendant did not waive personal jurisdiction even though it generally appeared in a previous case filed by the same plaintiff). Thus, as a general matter, VusionGourp GmbH's appearance in *Hanshow I* does not waive challenges to personal jurisdiction in later cases.

Furthermore, although *Hanshow I* and this case involve related parties (Hanshow Technology Co., Ltd. and VusionGroup SA) and have some overlap in accused products, the cases are nevertheless significantly different. First, neither Plaintiff Shanghai Hanshi, nor Defendant Captana GmbH, are parties to *Hanshow I. Hanshow I* also involves entirely different patents in different technology fields than in this case. *See Hanshow I* Amended Complaint, 2:23-cv-00174 at Dkt. 25 (alleging infringement of U.S. Patent Nos. 11,540,216; 8,346,210; and 9,641,994).

*Hanshow I* involves patents and infringement allegations relating to "electronic or bearer tags". *Id* at ¶¶ 25 ("'216 patent relates to an interactive electronic tag device communication system and method"); 114 ("'210 patent relates to an approach for managing one or more services corresponding to a bearer tag . . ."); 183 ("'994 patent relates to an approach for managing one or more services corresponding to a bearer tag"). In contrast, this case involves U.S. Patent Nos. 11,087,272 directed to "[s]ystem[s] and method[s] for location, identifying and counting items", and 10,701,321 direct to "[s]ystem and method for distributed video analysis." *See* Complaint, Dkt. No. 1 at ¶¶ 17, 20. Plaintiffs' allegations in this case are directed to "infringing Captana devices, systems, and/or functionality". *Id.* at ¶¶ 9, 14, 15, 24, 26, 32, 34; *see also* Dkt No. 1-8 (preliminary infringement charts accusing "Captana solution"). Captana™ products are not

accused in *Hanshow I. See generally*, *Hanshow I* Amended Complaint, 2:23-cv-00174 at Dkt. 25.

Accordingly, there is no reason why VusionGroup GmbH's appearance in *Hanshow I* is should either be a waiver of a personal jurisdiction challenge in this case, nor considered related business conduct with respect to the jurisdictional analysis.

## V. CONCLUSION

For all the foregoing reasons, the Moving Defendants respectfully pray that the Court dismiss this case specifically as to VusionGroup GmbH and Captana GmbH pursuant to FED. R. CIV. P. 12(b)(2) and grant the Moving Defendants such further relief to which it may be entitled.

Dated: April 25, 2024                    Respectfully submitted,

                                         */s/ Matthew C. Acosta*
                                         Matthew C. Acosta
                                         Texas State Bar No. 24062577
                                         PLATT RICHMOND PLLC
                                         1201 N. Riverfront Blvd., Suite 150
                                         Dallas, TX 75207
                                         Tel. (214) 559-2700
                                         Fax: (214) 559-4390

                                         Grant E. Kinsel
                                         Washington State Bar No. 49576
                                         Perkins Coie LLP
                                         1201 Third Avenue Suite 4900
                                         Seattle, WA 98101
                                         Tel: (206) 359-3516
                                         Fax: (206) 359-9000

                                         Matthew J. Moffa
                                         New York State Bar No. 5045067
                                         Perkins Coie LLP
                                         1155 Avenue of the Americas, 22nd Floor
                                         New York, NY 10036

                                         Eric H. Findlay
                                         State Bar No. 00789886
                                         Findlay Craft, P.C.
                                         7270 Crosswater Avenue
                                         Suite B
                                         Tyler, Texas 75703
                                         Tel: (903) 534-1100
                                         Fax: (903) 534-1137

                                         *Attorneys for Defendants VusionGroup SA,*
                                         *VusionGroup GmbH, and Captana GmbH.*

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants does hereby certify that this pleading was served on all counsel of record on April 25, 2024 by the Court's ECF system.

*/s/ Matthew C. Acosta*

MATTHEW C. ACOSTA