**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HANSHOW TECHNOLOGY CO., LTD. and SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD., | § § § § § | CIVIL ACTION NO. 2:23-cv-00617-RWS-RSP |
| *Plaintiffs*, | § § | |
| v. | § § | |
| SES-IMAGOTAG SA *et al.*, | § § | |
| *Defendants*. | § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiffs, Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co., Ltd., and Defendants, SES-imagotag SA, SES-imagotag GmbH, and Captana GmbH, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery in this Action[1] will involve the production or disclosure of confidential business information, source code, trade secrets, and or other proprietary information by the parties and non-party witnesses that should not be made available to competitors or to the public generally;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party or persons who are not Parties to this Action ("Non-Parties") may designate as confidential for protection under this Order, in whole or in part, any document,

---

[1] This "Action" means the above-captioned matter.

information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party or Non-Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or the words "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL," the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or the words "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.

(a)    Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced  Protected

_____
[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

Materials and any documents, information or material derived from or based thereon.

(b) Any Party that elects to challenge the designation of any DESIGNATED MATERIAL may file and serve a motion that identifies the challenged material and sets forth in detail the basis for such challenge. Each motion must be accompanied by a competent declaration that affirms the movant has complied with the procedural requirements of this Order or establishing that the designating Party is unwilling to timely participate in such process. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Fed. R. Civ. P. 37, subject to the Rule's provisions relating to sanctions. In making such application, the moving party shall follow the requirements of the Federal Rules of Civil Procedure, and the Local Rules of the Eastern District Texas. Nothing in this Order or any action or agreement of a party under this Order purports to limit the Court's power to make orders concerning the disclosure of documents produced in discovery or trial.

5. "CONFIDENTIAL" documents, information and material may be designated as such if they contain or reflect non-public confidential, proprietary, and/or commercially sensitive information or material. "CONFIDENTIAL" documents information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

(a) Individuals who are permitted to receive information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided in Paragraph 7.

(b) Two (2) specifically named officers, directors, or employees (including in-house

counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the Undertaking attached as Appendix A, and whose signed acknowledgment form has been provided to all other parties prior to any disclosure, provided that if a Party objects to disclosure of Protected Material to a designated representative, it will notify the designating Party in writing, and the Parties agree to promptly confer and attempt in good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) calendar days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

6. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, information and material may be designated as such if they contain or reflect information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such documents, information or material is likely to cause economic harm or significant competitive disadvantage to the Producing party. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

(a)  outside counsel of record in this Action for the Parties;

(b)  employees of such counsel assigned to and reasonably necessary to assist such

counsel in the litigation of this Action;

(c) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action,[3] and (2) before access is given, Paragraph 23 of this Order has been satisfied and the consultant or expert has completed the Undertaking attached as Appendix A hereto and the signed acknowledgment form has been provided to all other parties prior to any disclosure;

(d) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(e) the Court, its technical advisor (if one is appointed), and its personnel;

(f) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(g) any person who is identified as an author or recipient, including receipt by copy, of the document, information, or material therein, or who otherwise reasonably may be expected to have previously seen or had access to the DESIGNATED MATERIAL. For a deponent or in any situation where it is unknown whether a

---

[3] Subject to the Patent Prosecution Bar of Paragraph 21, this statement does not prohibit any outside consultants or experts who are retained on behalf of the Party for other litigations or for any proceedings before the United States Patent and Trademark Office ("USPTO"), including any Inter Partes Review ("IPR"), Post-Grant Review ("PGR"), and Covered Business Method ("CBM") Review before the Patent Trial and Appeal Board ("PTAB") from acting as an outside consultant or expert in this Action.

witness is reasonably expected to have previously seen or had access to the DESIGNATED MATERIAL, a party is allowed to ask the witness foundational questions and, if the witness's answers to those foundational questions suggest the witness reasonably may have seen or had access to the DESIGNATED MATERIAL, provide a copy of such DESIGNATED MATERIAL to the witness for further questioning.

Except as allowed by this Order, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information shall not be shown to the Receiving Party or to Non-Party competitors or employees of the Receiving Party or of any competitors of the Producing Party, nor shall such documents or information be disclosed or used in any way that would allow such information to become known to the Receiving Party or to a Non-Party competitor or to any employee of the Receiving Party or of any competitor of the Producing Party.

7.      A Party shall designate documents, information or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Non-Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.      All documents, information or material produced pursuant to any discovery request in this Action, including but not limited to documents, information or material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action, or to the extent otherwise agreed to by the parties and ordered by the Court, and shall not be used for any other purpose. Any person or entity who obtains access to

DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.      As used herein, "source code" means human-readable computer instructions, source code, object code, or other computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator, as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code, including source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files. expressed in a form suitable for input to an assembler, compiler, or other data processing module in native format. To the extent documents, information or material includes computer source code ("Source Code Material"), the Producing Party may designate such as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10.     For documents, information or material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and j) below. Additionally, except as provided in paragraph 10(h) below, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel;

(b)     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. During inspection, the Receiving Party shall not be permitted to photograph, copy, remove, or otherwise transfer or transmit any portion of the source code from the stand-alone computer. The Receiving Party shall be entitled to take handwritten notes relating to the source code. Additionally, to enable electronic note taking during source code reviews, the Producing Party shall also provide an additional "note-taking" computer loaded with at least Microsoft OneNote and Microsoft Word software (or an equivalent word processing application), unless otherwise agreed by the Producing Party and the Receiving Party. The note-taking computer shall either be a portable laptop or located in close proximity to the stand-alone computer to facilitate electronic note taking.

   i.   At the beginning of a source code review session, the Producing Party shall, when requested by the Receiving Party, upload to the note-taking computer an encrypted notes file (e.g., using an encrypted USB thumb drive from the Producing Party).

   ii.  The reviewer may then decrypt and open the notes file using the note-taking computer for the purpose of taking notes during the source code review session. During the source code review session, the Producing Party may disable any input and/or output ports and devices on the note-taking computer (e.g., disable any USB ports, Wi-Fi or Ethernet connectivity, and/or optical disc drives) except as necessary to enable the reviewer to take notes (e.g., enable mouse and keyboard).

   iii. At the end of a source code review session, the reviewer may save any notes in the same encrypted notes file. The Producing Party shall, when requested by the reviewer, download from the note-taking computer the encrypted notes file and provide an electronic copy to the reviewer. Such notes will be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

   iv.  If requested by the producing Party, a copy of the encrypted notes file shall remain on the note-taking computer, so long as it remains encrypted.

   v.   If requested by the Producing Party, a representative for the Producing Party may oversee the transfer of the encrypted notes file from the secure

data storage device to the note-taking computer, and vice-versa, without reviewing the substance of the electronic notes.

vi.   The reviewer shall not take notes electronically on the stand-alone computer itself or any other computer or electronic device (besides the note-taking computer) while conducting a review.

vii.   The notes file may include filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names. While the reviewer may transcribe source code if needed, the reviewer shall not transcribe more than 10 consecutive lines of source code verbatim, and no more than 100 lines of source code verbatim in total in the notes file.

viii.   The electronic notes taking computer may not be used as a substitute for printing code. To the extent the reviewer transcribes any line of code in the notes file, that line of code must be included in a source code printout, designated for print that same day in accordance with provision (k).

ix.   The Receiving Party will not create any other written or electronic record of the source code and, other than the devices mentioned above, the Receiving Party shall not be permitted to bring electronic devices into the room;

(c)   The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). Further, to facilitate the review of the Source Code Material, the stand-alone computer(s) shall be equipped with I/O devices (e.g., mouse, keyboard, dual external display monitors, etc.). Further, each stand-alone computer shall be in good working condition and have at a minimum an Intel i7 or equivalent computer processor;

(d)   The stand-alone computer(s) shall be equipped with software applications and tools (e.g., NotePad++, Cygwin64, CutePDF Writer, UltraCompare, etc.) to support the inspection of the Source Code Material. Before the inspection of the Source Code Material, the Producing Party shall provide to the Receiving Party a directory or similar list of all source code files being produced for inspection and identify the filename of each such file.  The Producing Party will also identify the programming languages used in Source Code Material as a whole. The Producing Party shall also confirm the software applications and tools that will be preloaded on the stand-alone computer(s) for the inspection. Based on such information or as a result of inspecting the Source Code Material, the Receiving Party may request additional software applications and tools to be installed by the Producing Party on the stand-alone computer(s) to support the inspection of the Source Code Material. Any requests for additional applications must be reasonable, and the Receiving Party will pay, in advance, for any applications that are not publicly available for

download without cost for a license;

(e)     The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(f)     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to (i) outside counsel, provided such outside counsel will not be involved in competitive decision-making or patent prosecution on behalf of the Receiving Party or a competitor of the Producing Party; (ii) such outside counsel's immediate paralegals and staff; (iii) any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, provided such copying or clerical litigation support services have executed a copy of the Undertaking attached as Appendix A; and (iv) up to three (3) outside consultants or experts4 (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 5(e) above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(g)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(h)     Except as set forth in paragraph 10(j) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(i)     Presumptively, no more than 700 pages of total Source Code Material produced by a Producing Party may be printed. If necessary, the Receiving Party may request to print additional pages in excess of the 700 pages, which request the Producing Party will not unreasonably deny. No more than 25 consecutive pages of Source Code will be printed without the authorization of the Producing Party. Within five (5) business days of a request for pages, the Producing Party shall either (i) provide one copy of unobjected pages to the Receiving Party, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," or (ii) inform the Requesting Party of its objection, if any, that the printed portions withheld are excessive and/or not done for a permitted purpose. Counsel shall meet and confer within four (4) business days of any such objection. If, after

a lead counsel meet and confer, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to file a Motion for Further Protection with the Court within five (5) business days of the objection to resolve whether the printed Source Code Material in question shall be produced. Failure to file within this period requires immediate production of the disputed material. The burden shall be on the Producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose.;

(j)      Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(k)      If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(l)      A Producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(m)      All persons who will review a Producing Party's Source Code Material on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least one (1) full business day in advance of the first time that such person reviews such Source Code Material. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code Material shall sign on each day they view Source Code Material a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) business day's advance notice to the Receiving Party; and

(n) Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or consultants or experts shall remove all notes, documents, and all other materials from the Source Code Material Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the stand-alone computer containing Source Code Material. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. The Receiving Party shall provide identification upon the Producing Party's request. Access to the secure room or the Source Code Material Computer may be denied to any individual who fails to provide proper identification or the identification does not match the copy of personal identification in paragraph (m) above.

11. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the Producing Party's request, the Receiving Party shall immediately return or destroy the inadvertently produced materials. The Producing Party will provide a privilege log to the extent required pursuant to the Parties' Discovery Order.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13. Nothing contained herein shall be construed to prejudice any Party's right to use any

DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) outside counsel for a Party; (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

14. Parties may, at the deposition or hearing or within thirty (30) calendar days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, or until receiving the specific line-by-line designations, whichever occurs sooner, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," excepting the deponent for purposes of review  and

signature of the transcript. For the avoidance of doubt, the receipt of a rough draft of the transcript shall not trigger the thirty (30) day window. Once specific line-by-line designations are provided by the Designating Party within thirty (30) days of receipt of the final transcript, a Receiving Party shall treat the portions of the transcript as so designated under the terms set forth herein.

15.     Any DESIGNATED MATERIAL that is filed with the Court, including a pretrial filing, or an exhibit thereto, that discloses or relies on confidential documents, information or material, shall be filed under seal. The filing party shall be responsible for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. The filing party is responsible for filing with the Court a public redacted version within 7 calendar days of the original sealed filing, or as otherwise ordered by the Court, and shall confer with counsel for the other party regarding any proposed redactions before filing.

16.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action; however, before trial, counsel shall attempt in good faith to reach agreement on the handling of DESIGNATED MATERIAL at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

17.     Each outside consultant, expert, or other person, excluding the employees of outside counsel or independent litigation support services, to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order (see Sections 5, 6, and 10 above)

shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, understands, has been advised by counsel of the terms of, and has agreed to be bound by this Order. A copy of the Undertaking is attached as Appendix A. Counsel disclosing documents or information subject to the Protective Order shall maintain all signed copies of the Undertaking until the conclusion of this case, as defined below, and shall be required to provide a copy of any signed Undertaking to the producing party upon request.

18.     Pursuant to Fed. R. Civ. P. 26(b)(4), the Parties agree that the only materials from the parties' expert witnesses that shall be subject to discovery are the final expert report and all materials considered or relied upon in connection with forming the expert's opinion. No other material provided to or created by the expert, including attorney communications with the expert and draft reports, shall be subject to discovery unless there is an independent basis for its discovery.

19.     To the extent that any discovery is taken of Non-Parties and in the event that such Non-Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Non-Parties may produce such discovery according to this Order.

20.     To the extent that discovery or testimony is taken of Non-Parties, the Non-Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Non-Parties. The Non-Parties shall have ten (10) calendar days after production of such documents,

information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

21.   Patent Prosecution Bar. Absent the written consent of the Producing Party, any person who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" by the Producing Party shall not thereafter be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, supervising, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of any devices, methods, or systems pertaining to the field of invention of any Patent in Suit before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to such devices, methods, or systems. These prohibitions are not intended to and shall not preclude counsel from participating in reissue, interference proceedings, nullity proceedings, limitation proceedings, post-grant proceedings, including but not limited to inter partes reviews, post-grant reviews, reexaminations, and any similar or equivalent proceedings in any other country, as long as the counsel does not participate in claim amendments. "Supervising" refers to directing others how to draft, prosecute, or provide advice regarding the drafting or prosecution of any patents or applications in the scope of this Prosecution Bar; merely

having authority to perform prohibited tasks does not amount to "supervising" or being "involved" in such tasks for the purposes of this Prosecution Bar. These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" materials are first received by the affected individual, and shall end one and a half (1.5) years after the final resolution of this action, including all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law or one and a half (1.5) years after the affected individual no longer has access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" information, whichever is earlier. The Parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney who receives such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall not be imputed to any other persons or attorneys at the attorney's law firm. Nothing herein shall prevent any attorney from sending nonconfidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

22. Notice of Disclosure

    (a) Prior to disclosing any Designated Material to any person described in Paragraph 5(b), or outside consultants or experts described in Paragraphs 6(c) or 10(f), (each referenced below as a "Person"), the Receiving Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

      i.   The name of the Person;

     ii.   An up-to-date curriculum vitae of the Person;

    iii.   The present employer and title of the Person;

    iv.   an identification of all of the Person's past and current employment and consulting relationships, or entity with or for whom the Person is employed or to whom the Person provides consulting services relating to the design, development, operation, or patenting of devices, methods, or systems pertaining to the field of invention of any Patent in Suit, or relating to the acquisition of intellectual property assets relating to devices, methods, or systems pertaining to the field of invention of any Patent in Suit;

     v.   a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

(b)   Within ten (10) days of receipt of the written notice, the Producing Party must state in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a supplemental protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a supplemental protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

23.    This Order shall survive termination of this Action. The Court shall retain jurisdiction after Final Determination of this Action to hear and resolve any disputes arising out of this Order.

Within thirty (30) calendar days of final termination of this Action, including any appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed. The Receiving Parties, including all expert witnesses and other persons subject to discovery in this action or who receive a copy of this Order, shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request; provided, however, that outside counsel for a party may retain an archival copy of all pleadings, discovery requests, responses, submissions and Court filings, as well as a copy of all work product and communications containing DESIGNATED MATERIAL. Counsel of record shall certify their compliance with this provision and shall deliver such certification to counsel for the designating party no more than sixty (60) calendar days after the written request to return or destroy designated materials. No witness or party may retain designated information that it received from any Party or Non-Party under this Order.

24.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing

thereof, all such objections being hereby preserved.

25.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and having raised the question of violation or potential violation with the opposing party but having been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29.   By entering this order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**SIGNED this 26th day of April, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HANSHOW TECHNOLOGY CO., LTD. and SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD., | § § § § § | CIVIL ACTION NO. 2:23-cv-00617-RWS-RSP |
| *Plaintiffs*, | § § | |
| v. | § § | |
| SES-IMAGOTAG SA *et al.*, | § § | |
| *Defendants*. | § | |

**APPENDIX A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I,_____, declare that:

My address is_____. I am employed as_____by_____.

[INSERT NAME AND ADDRESS].

I have received a copy of the Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

I will strictly comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information or item that is subject to the Protective Order and that is disclosed to me. I further understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

Promptly upon termination of this Action, I will return all documents and things that are

subject to this Protective Order that came into my possession, and all documents and

things that I have prepared relating thereto, to the outside counsel for the party by whom I

am employed.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Printed Name _____

Date _____