**PUBLIC VERSION**

███████████████████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HANSHOW TECHNOLOGY CO., LTD. AND | ) | |
| SHANGHAI HANSHI INFORMATION | ) | |
| TECHNOLOGY CO., LTD. | ) | Case No. 2:23-cv-00617-RWS-RSP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SES-IMAGOTAG SA, SES-IMAGOTAG GMBH | ) | |
| AND CAPTANA GMBH | ) | |
| Defendants. | | |

## PLAINTIFFS' OPPOSITION TO SES-IMAGOTAG GMBH AND CAPTANA GMBH'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2)

PUBLIC VERSION

██████████████████████████

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ............................................................................................. 1

II.   BACKGROUND AND STATEMENT OF FACTS ......................................... 2

III.  ARGUMENT AND AUTHORITIES ............................................................. 5

    A.    Legal Standard ...................................................................................... 5

    B.    The Court Has Specific Jurisdiction Over the Moving Defendants ..................... 7

        1.    ████████████████████████████████

        2.    Personal Jurisdiction Exists Over the Moving Defendants Under a Stream of Commerce Theory ................................................. 11

        3.    Exercising Personal Jurisdiction Over the Moving Defendants Would Not Offend Traditional Notions of Fair Play and Substantial Justice ........................................................... 14

    C.    Personal Jurisdiction Can Be Established Under Fed. R. Civ. P. 4(k)(2) ............ 17

    D.    VusionGroup GmbH's Appearance in a Prior Litigation Establishes that Personal Jurisdiction is Proper in Texas ............................................. 20

V.    CONCLUSION ............................................................................................. 21

**PUBLIC VERSION**

████████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AX Wireless LLC v. Lenovo Group Ltd.*,
   2023 WL 7105701 (E.D. Tex. Sep. 6, 2023) ..............................................15, 16, 17

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994) ...................................................................6, 7, 11, 12

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
   137 S. Ct. 1773 (2017) ................................................................................................6

*Dontos v. Vendomation NZ Ltd.*,
   582 F. App'x 338 (5th Cir. 2014) ............................................................................14

*Frito-Lay North America, Inc. v. Medallion Foods, Inc.*
   (E.D. Tex. Mar. 30, 2012) ......................................................................................5, 6

*Hanshow Technology Co., Ltd. v. SES-Imagotag SA and SES-Imagotag GmbH*
   Case No. 2:23-cv-00174 (E.D. Tex.) .......................................................................20

*J. McIntyre Machinery, Ltd. v. Nicastro*,
   564 U.S. 873 (2011) ....................................................................................................6

*Largan Precision Co., Ltd. v. Ability Opto-Electronics Technology Co., Ltd.*,
   2020 WL 569815 (E.D. Tex. 2020) ........................................................................5, 7

*Seasons USA, Inc. v. SCS Direct, Inc.*,
   2023 WL 5344342 (E.D. Tex. June 9, 2023) ...............................................12, 13, 15

*Touchcom, Inc. v. Bereskin & Parr*,
   574 F.3d 1403 (Fed. Cir. 2009) ..................................................................17, 18, 19

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*,
   406 F.Supp.3d 585 (E.D. Tex. Aug. 13, 2019) ........................................................20

*Wien Air Alaska, Inc. v. Brandt*,
   195. F.3d 208 (5th Cir. 1999) ..................................................................................14

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ...............................................................................................6, 11

**Statutes**

28 U.S.C. §§ 1331 and 1338(a) ......................................................................................17

**PUBLIC VERSION**

████████████████████████████████████

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(2) ............................................................5

**PUBLIC VERSION**

## I.    INTRODUCTION

VusionGroup GmbH (formerly known as SES-imagotag GmbH) and Captana GmbH's (together "Moving Defendants") Motion to Dismiss (Dkt No. 38) ("Motion") is replete with disingenuous statements asserting that the Moving Defendants have no contact with Texas or the United States in general.[1]  These assertions are incorrect.  As Plaintiffs Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co. Ltd. (collectively, "Hanshow" or "Plaintiffs") sufficiently pled in the Complaint, Moving Defendants are subject to personal jurisdiction in the State of Texas.

Moving Defendants are involved in the ████████████████████████ of the Captana cameras and system and VUSION electronic shelf label (ESL) products (the "Accused Products") that are sold in the United States and that are accused of infringement in this case.



_____

[1] VusionGroup SA (f/k/a SES-imagotag SA) is also a named defendant and does not challenge personal jurisdiction and/or join Moving Defendants' Motion.

**PUBLIC VERSION**

███████████████████████████████████████████

Moreover, Moving Defendants ████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████.

Further, even if Moving Defendants were not subject to personal jurisdiction in Texas, personal jurisdiction is established under Fed. R. Civ. P. 4(k)(2), which states that for a federal law claim, like this one, personal jurisdiction exists if the defendant is not subject to jurisdiction in any state's court of general jurisdiction, and exercising jurisdiction is consistent with the U.S. Constitution and laws.

Thus, this Court has personal jurisdiction over the Moving Defendants.  Accordingly, Plaintiffs respectfully request that the Court deny the Moving Defendants' Motion.

## II.    BACKGROUND AND STATEMENT OF FACTS

Moving Defendants, Captana GmbH and VusionGroup GmbH (f/k/a SES-imagotag GmbH), filed the Motion on April 25, 2024, alleging that this Court does not have personal jurisdiction over Moving Defendants.  *See e.g.*, Motion at 1.  VusionGroup SA (f/k/a SES-imagotag SA) is a named defendant but does not challenge personal jurisdiction or join Moving Defendants' Motion.  The Court ordered Plaintiffs to complete jurisdictional discovery by July 8, 2024 and to respond to Moving Defendants' Motion by July 29, 2024.  *See* Dkt. No. 45.

Captana GmbH, VusionGroup GmbH, and VusionGroup SA are the named Defendants in this case.  Moving Defendants are wholly-owned subsidiaries of VusionGroup SA, who does not join the Moving Defendants' Motion to Dismiss.

VusionGroup SA is a French corporation that is the parent company to Moving Defendants and ████████████████████████████████████████████████.  Ex. 4, (VUSIONGROUP_EDTX_009937).  ████████████████████████████████

██████████████████████   █████████████   For example, VusionGroup SA

2

████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████. *See* Ex. 5,

(VUSIONGROUP_EDTX_010630–648); Ex. 6, (VUSIONGROUP_EDTX_010668–685).

Although VusionGroup SA is ████████ ████████████████████████████████

████████████████████████████████████. *See e.g.*, Ex. 6.

Captana GmbH is a wholly-owned subsidiary of VusionGroup SA. While Captana

GmbH's headquarters is located in Germany, ████████████████████████████████

████  *See, e.g.*, Ex. 3, July 9, 2024 Defendants' Amended Objections and Responses to Plaintiffs'

First Set of Interrogatories (Nos. 1–6) at 13. ████████████████████████ ████

████████████████████ ████████████████████ (collectively, the "Captana

Accused Products") at issue in this case. *See* Ex. 1, Vittorio Deposition Tr. at 47:12–14; Ex. 2,

Rallu Deposition Tr. at 13:12–14:22; *see also* Ex. 3 at 13. ████████████████████

████████████████████████████████████████████████

████████████████████████████████ ████████████████████████████

████████. Ex. 1 at 51:13–20; Ex. 7, (VUSIONGROUP_EDTX_010597); Ex. 2 at 48:5–20.[2] ████

████████████████████████████████████████████████

████████ ████████████████████████████████████

████████████████████████████████. Ex. 2 at 40:23–41:2.

VusionGroup GmbH is also a wholly-owned subsidiary of VusionGroup SA. While

Moving Defendants assert that VusionGroup GmbH's activities are both limited to Austria and

focused on "developing technology and holding related intellectual property," ████████████

_____

[2] ████████████████████████████████████████████████████
████████████████████

**PUBLIC VERSION**

███████████████████████████████████████████████

Motion at 2; *see also id*. at 9 ("As stated, VusionGroup GmbH is located in, and conducts its

business in Austria.").  As Ms. Vittorio, the same individual who submitted declarations on behalf

of VusionGroup GmbH and Captana GmbH, testified to during her deposition, ██████████████

███████████████████████████████████  ██████████████████

███████████████████████████████████████████████

██████████████████████████████ Ex. 1 at 48:20–50:11; 56:4–9; *see also* Ex. 5

███████████████████████████████████████████████

VusionGroup GmbH also ██████████████████████████████████. *See*

Ex. 1 at 80:6–17.

    While  VusionGroup  GmbH  does  not  have  an  office  in  Texas,  ████████████████

██████████  ██████████████████████████████████

███████████████████████████████████████████████

██████████████████ Ex. 1 at 63:4–10; Ex. 3 at 13.  Contrary to Moving Defendants'

assertions, VusionGroup GmbH ███████████████████████████████████████

████████████████ Ex. 1 at 50:12–17.

    VusionGroup Inc. is a wholly-owned subsidiary of VusionGroup SA that is based in the

United States.  *See* Ex. 4.  ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

Tr.).  For example, VusionGroup Inc. ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

**PUBLIC VERSION**

██████████████████████████████████████████████████████

████████████████████████████. Ex. 1 at 51:13–20; *see also* Ex. 7; Ex. 1-9. ████████████

███████████████████████████████████████████████. Ex. 1 at 90:9–14. As discussed

above in connection with Captana GmbH and VusionGroup GmbH, VusionGroup Inc. ██████

█████████████████████████████████████████████████████████

████ ████████ ████████     *See* Ex. 8 (VUSIONGROUP_EDTX_010649–667); Ex. 9

(VUSIONGROUP_EDTX_010598–603); Ex. 5; Ex. 6.

## III.    ARGUMENT AND AUTHORITIES

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court

does not have personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). After a defendant

files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish

that personal jurisdiction exists. *Largan Precision Co., Ltd. v. Ability Opto-Electronics*

*Technology Co., Ltd.*, 2020 WL 569815, *2 (E.D. Tex. 2020) (citing *Bullion v. Gillespie*, 895 F.2d

213, 217 (5th Cir. 1990). When a court rules on a motion to dismiss for lack of personal jurisdiction

without holding an evidentiary hearing, the plaintiff must present sufficient facts as to make out a

prima facie case supporting jurisdiction to satisfy its burden. *Largan Precision Co.*, 2020 WL

569815 at *2. When considering the motion to dismiss, the court must accept as true the plaintiff's

uncontroverted allegations and resolve all factual disputes in favor of the plaintiff. *Id.*

A federal court may exercise personal jurisdiction over a foreign defendant if (1) the long-

arm statute of the state in which the federal court sits creates personal jurisdiction over the foreign

defendant, and (2) the exercise of personal jurisdiction over the defendant is consistent with the

due process guarantees of the United States Constitution. *Frito-Lay North America, Inc. v.*

*Medallion Foods, Inc.* (E.D. Tex. Mar. 30, 2012). The Texas long-arm statute extends to the full

extent permitted by the Due Process Clause and creates personal jurisdiction over foreign

defendants. Therefore, the personal jurisdiction analysis rests on determining if the Court's exercise of personal jurisdiction is consistent with due process.

Exercise of personal jurisdiction over a defendant is consistent with due process if (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Frito-Lay*, 867 F.Supp.2d at 864.

"Minimum contacts" can be established through contacts sufficient to support the exercise of either general or specific jurisdiction. *Id*. (citing *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 428 (Fed. Cir. 1996); *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787–88 (2011)). General jurisdiction over nonresident defendant exists only when the defendant's contacts with the forum state are continuous and systemic. *Frito-Lay*, 867 F.Supp.2d at 865. Specific jurisdiction exists over a nonresident defendant where the plaintiff alleges a cause of action which grows out of or relates to a contact between the defendant and the forum state. *Id.*; *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780–81 (2017). In cases where a district court exercises specific jurisdiction over a nonresident defendant there needs to be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Frito-Lay*, 867 F.Supp.2d at 865; *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011).

Courts have held that a defendant placing a product into the stream of commerce may provide the basis to establish specific personal jurisdiction over the defendant. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 *1980); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994). The exercise of specific jurisdiction under

**PUBLIC VERSION**

███████████████████████████████████████

a stream of commerce theory is proper if a defendant's conduct and connections with the forum state are such that they should have reasonably have anticipated being brought into court there. *Beverly Hills Fan*, 21 F.3d at 1566; *Largan Precision Co. v. Ability Opto-Electronics Tech. Co.*, 2020 WL 569815, *6 (E.D. Tex. 2020).

### B.     The Court Has Specific Jurisdiction Over the Moving Defendants

As Moving Defendants recognize, specific jurisdiction exists when (1) the defendant purposefully directs its activities to the forum State, (2) the claims arise out of or relate to those activities; and (3) the assertion of jurisdiction is reasonable and fair.  Motion at 5.  All of those elements are met here.[3]

██   ███████████████████████████████████

Plaintiffs allege that Moving Defendants "market, advertise, and/or otherwise promote globally the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION electronic shelf labels ("VUSION ESLS")" and cite VusionGroup's "A VUSION for the future 2022-2027 Strategic Plan" (Exhibit 3 to the Complaint) in support.  Dkt. No. 1 at ¶ 9; Dkt. No. 1-4.  As "A VUSION for the future 2022-2027 Strategic Plan" establishes, and as the below figure shows, the Captana Accused Products are already running in many stores, including stores in the United States.  *See* Dkt. No. 1-4 at 93.

---

[3] For purposes of responding to the Motion, Plaintiffs believe that specific jurisdiction exists under at least a stream of commerce theory.  However, Plaintiffs do not concede that general jurisdiction exists.

**PUBLIC VERSION**

███████████████████████████████████████████



Further, Plaintiffs correctly allege that personal jurisdiction exists because "Defendants, directly or through intermediaries, have established minimum contacts with the State of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice," note that "Defendants have made, used, provided, supplied, distributed, sold, offered for sale, and/or imported" the Accused Products in Texas and continue to do so, and identify hiring that is occurring in Texas related to sales of the Accused Products.  Dkt. No. 1 at ¶¶ 14–15.

While Moving Defendants take issue with these assertions, they selectively cherry pick the specific allegations they refute, asserting only that Moving Defendants do not "make, sell, advertise, or import any Captana™ in or into the United States or the State of Texas."  Motion at 6.  Moving Defendants identify only those allegations, because they cannot refute that Moving Defendants ███████████████████████████████████████████████████████████

████████████████.

████████████████████████████   ████████████████████████   ██████████

███████████████████████████████   ████████████████████████████

████████████████        *See* Ex. 1 at 80:6–17, 47:12–14; Ex. 2 at 13:12–14:22.  *See also* Ex. 3 at 13.  It is

**PUBLIC VERSION**



also undisputed that not only are the Captana Accused Products and VUSION ESLs ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 at 50:12–17, 51:13–20;

*see also* Ex. 2 at 13:2–11; Ex. 7; Ex. 1-9. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮▮▮   ▮▮

▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 at

13:2–14:2. ▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at 15:4–10.

Captana GmbH also provides ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 2 at 9:15–10:1; 53:12–21. For

example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at 9:15–10:1.

▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮   *Id*. at 9:1–5. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮   *Id*. at 47:1–20; *see also* Ex. 10.



. 1 at 66:12–21.

. Ex. 1 at 89:18–90:14.

Ex. 1 at 50:12–17.

Ex. 1 at 63:4–10; Ex. 3 at

12–13.  As alleged in the Complaint, Moving Defendants conduct substantial business in Texas

either directly or through intermediaries such as VusionGroup SA and VusionGroup Inc.  Dkt. No.

1 at ¶ 13.

Additionally, while Moving Defendants assert that Plaintiffs' allegations are somehow

unclear or non-specific because they refer to Defendants as a whole and not Moving Defendants

individually, this point is of no moment as the allegations regarding the Moving Defendants and

VusionGroup SA's interactions with Texas apply to all three entities.  Similarly, while the Moving

Defendants assert that the Complaint does not allege any specific locations in Texas that the

Moving Defendants have contact with, Moving Defendants ignore that the Complaint expressly

identifies VusionGroup Inc.'s office in Texas.  Dkt. No. 1 ¶¶ 13–15.  As discussed above,

. Ex. 1 at 63:4–10, 66:12–21; Ex. 3 at 12–13.

**PUBLIC VERSION**

███████████████████████████████████

Hanshow has established that the Moving Defendants have minimum contacts with Texas, and Moving Defendants conduct and connections with Texas are such that they should reasonably have anticipated being brought into court in Texas.

### 2.    Personal Jurisdiction Exists Over the Moving Defendants Under a Stream of Commerce Theory

Contrary to the Moving Defendants' assertions, Hanshow has established specific jurisdiction under the "stream of commerce" theory.  The stream of commerce theory recognizes that "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980).   While Moving Defendants recognize this, they argue that Moving Defendants have not sent goods to the forum state because VusionGroup GmbH does not sell products and the Complaint does not offer specific facts that Captana GmbH purposefully directs products to the state of Texas or anywhere else in the United States.  Motion at 8–9.  The Moving Defendants then make the wholly unsupported and incorrect assertion that the evidence confirms the opposite.  *Id*.  The Moving Defendants' arguments fail.

The Federal Circuit has recognized that the exact requirements of the stream of commerce theory are unsettled.  *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566–67 (Fed. Cir. 1994).  In one version of the stream of commerce theory, "the exercise of personal jurisdiction requires more than the mere act of placing a product in the stream of commerce … there must be in addition '*an action of the defendant purposefully directed toward the forum State*.'"  *Id*. at 1566 (citing *Asahi*, 480 U.S. at 112) (emphasis in original).  In another version of the stream of commerce theory, the showing of additional conduct is unneeded.  *See Beverly Hills*, 21 F.3d at 1566 ("'The stream of commerce refers not to unpredictable currents or eddies, but to

**PUBLIC VERSION**

███████████████████████████████████

the regular and anticipated flow of products from manufacture to distribution to retail sale…. A defendant who has placed goods in the stream of commerce benefits economically from the retail sale of the final product in the forum State, and indirectly benefits from the State's laws that regulate and facilitate commercial activity.'") (citing *Asahi*, 480 at 117.).  While the Federal Circuit has not commented on which version of the stream of commerce theory is proper, the Federal Circuit articulated the necessary ingredients for the exercise of jurisdiction consistent with due process: "defendants, acting in consort, placed the accused [product] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Beverly Hills*, 21 F.3d at 1566.

The debate on the exact requirements of the stream of commerce theory does not need to be settled here because Plaintiffs provide the evidence required to make the jurisdictional showing under either version of the stream of commerce theory, and the evidence provides the necessary ingredients for the exercise of personal jurisdiction consistent with due process. ████████████

███████████████████████████████████████████

███████████████████████████████  ██████████████

███████████████████████████████████████

██████████████████████████████████.

Additionally, this Court has held that the mere act of placing products on an online marketplace accessible by Texas consumers is sufficient to establish personal jurisdiction under a stream of commerce theory.  *See Seasons USA, Inc. v. SCS Direct, Inc.*, 2023 WL 5344342, *2 (E.D. Tex. June 9, 2023) (holding that placing products on Amazon is sufficient contact because "without limiting sales to Texas, it is foreseeable that SCS's products may end up in Texas via

**PUBLIC VERSION**



Amazon."). As alleged in the Complaint, the Accused Products including the Captana system and

VUSION ESLs are marketed on VusionGroup's website.  *See, e.g.*, Dkt. No. 1 at ¶¶ 26, 34.  This

website is accessible in the United States, including in Texas.

Ex. 2 at 40:23–41:2, 46:7–47:20, 48:5–20; Ex. 1 at

62:6–21.  Therefore, like in *Seasons USA*, it is foreseeable that Moving Defendants' products may

end up in Texas because there are no restrictions limiting sales to Texas in addition to

VusionGroup's activity and locations in Texas.  *See Seasons USA, Inc. v. SCS Direct, Inc.*, 2023

WL 5344342, *2 (E.D. Tex. June 9, 2023).

Additionally, as discussed above, both Moving Defendants

. *See supra* Section

III.B.1.  With respect to Captana GmbH's

. *Id.*  Additionally,

VusionGroup GmbH                                                                                                    .

*Id.*

Further, it is undisputed that Captana GmbH and VusionGroup GmbH

Ex. 1 at 40:20–41:12; 50:12–17.

. at 40:20–41:12, 50:12–17; Ex. 2 at 13:2–

11.

Ex. 2 at 13:2–11.

. Ex. 2 at 13:12–19.

Further,

**PUBLIC VERSION**



Ex. 1 at 61:15–21; 66:22–25; Ex. 2 at 10:2–16; Ex. 10.  Similarly, Ms. Vittorio testified

that

.  Ex. 1 at 99:7–12.

Not only are the Moving Defendants

but as also discussed above, both entities

Ex. 2 at 9:15–10:1, 53:12–21; Ex. 1 at 64:4–16;

Ex. 3 at 12–13.  For example, Captana GmbH

Ex. 2 at 9:15–10:1.  Captana GmbH also

.  Ex. 2 at 53:12–21.  VusionGroup GmbH employees

Ex. 1 at 64:4–16; Ex. 3 at 12–13.

*See e.g.*, Dkt. No. 38-1 at ¶¶

6–7; Dkt. No. 38-2 at ¶ 12.

In view of the above, it is apparent that Moving Defendants

Moving Defendants are

and Moving Defendants' activities                              in Texas were such that they

should reasonably have anticipated being brought into court in Texas.  This establishes that

personal jurisdiction exists.

### 3.     Exercising Personal Jurisdiction Over the Moving Defendants Would Not Offend Traditional Notions of Fair Play and Substantial Justice

When a plaintiff establishes minimum contacts between the defendant and the forum state,

the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and

unreasonable.  *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. 2014) (citing *Cent.*

**PUBLIC VERSION**

████████████████████████████████████

*Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 384 (5th Cir. 2003)).  It is rare to say that

the exercise of jurisdiction is unfair after minimum contacts have been shown.  *Wien Air Alaska,*

*Inc. v. Brandt*, 195. F.3d 208 (5th Cir. 1999).  The Fifth Circuit evaluates whether the exercise of

specific jurisdiction is unfair and unreasonable by considering the following factors: (1) the burden

on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing

relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and

(5) the shared interest of the several states in furthering fundamental social policies.  *Seasons USA,*

*Inc. v. SCS Direct, Inc.*, 2023 WL 5344342, *2 (E.D. Tex. June 9, 2023).

First, the burden on Moving Defendants would not be substantial such that the exercise of

specific jurisdiction would be unfair and unreasonable.  The Fifth Circuit has held that it is not

unreasonable for foreign defendants to defend themselves in Texas if the defendants avail

themselves of the benefit of the state's market.  *Seasons USA*, 2023 WL 5344342, *2 (*citing Luv*

*N'care*, 438 F.3d at 474).  As established in Sections III.B.1–2, Moving Defendants are aware that

the Accused Products ████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████.  *See supra* Sections III.B.1–2.  Moving Defendants have

therefore availed themselves of the benefit of Texas' market and it is not unreasonable for Moving

Defendants to defend themselves in Texas.

Second, the state of Texas has an interest in adjudicating this matter.  This Court has held

that the forum state has a legitimate interest in adjudicating a dispute involving a defendant that

hires Texas employees to work and sell goods in the state to Texas consumers.  *Seasons USA*, 2023

WL 5344342, *2 (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir.

1993).).  Additionally, this Court has held that this factor favors finding that personal jurisdiction

**PUBLIC VERSION**

██████████████████████████████████

exists because both Texas and the United States have an interest in enforcing federal patent laws. *See AX Wireless LLC v. Lenovo Group Ltd.*, 2023 WL 7105701, *5 (E.D. Tex. Sep. 6, 2023) ("The second, third, and fourth factors favor jurisdiction because both Texas and the United States have an interest in enforcing federal patent laws and providing a forum for AX Wireless to efficiently pursue and resolve its patent infringement claims."). ████████████████████████

████████████  ████████████████████████████████

████████████████████████ The importation, offer for sale, and sale of the Accused Products are central to Plaintiffs' claims for patent infringement. ████████████████████

████████████████████████████████████████

████████████████████████████ Ex. 1 at 24:24–25:1. Therefore, Texas has a legitimate interest in adjudicating this matter.

Third, Plaintiffs have an interest in securing relief. While Moving Defendants do not dispute this, Moving Defendants argue that Plaintiffs' interests will not be negatively impacted if Moving Defendants are removed from this case. *See* Motion at 10. However, it is likely that Moving Defendants have necessary information and documents relevant to this case. ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ Furthermore, Plaintiffs have an obvious interest in preventing patent infringement in Texas, which this Court has recognized as favoring jurisdiction. *See AX Wireless LLC*, 2023 WL 7105701 at *5.

Fourth, exercising specific jurisdiction over Moving Defendants supports the efficient administration of justice. Discovery is ongoing. Therefore, exercising specific jurisdiction over Moving Defendants would allow Plaintiffs to access necessary information and documents during

16

the course of discovery without having to resort to unnecessary third-party discovery fights. Additionally, this Court has held that this factor weighs in favor of jurisdiction because both Texas and the United States have an interest in providing a forum to efficiently pursue and resolve patent infringement claims. *See id.* at *5.

Fifth, the state of Texas has an interest in furthering social policies such as patent enforcement and discouraging patent infringement. *See id.* at *5 ("The fifth factor also supports jurisdiction because Texas and the United States have an interest in discouraging patent infringement."). Moving Defendants argue that social interests of the United States and Texas are not offended by the dismissal of Moving Defendants. Motion at 11. However, this statement is incorrect. Texas, like every state in the United States, has an interest in ensuring that patent laws are obeyed.

### C.      Personal Jurisdiction Can Be Established Under Fed. R. Civ. P. 4(k)(2)

Even if the Court finds that the Moving Defendants do not have personal jurisdiction in Texas, which they do, exercising personal jurisdiction over the Moving Defendants is proper under Fed. R. Civ. P. 4(k)(2). Fed. R. Civ. P. 4(k)(2) recites that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). Here, Plaintiffs allege, and Moving Defendants do not dispute, that the district court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Dkt. No. 1 ¶ 11. Thus, the claims arise under federal law.

With respect to the second requirement of Fed. R. Civ. P. 4(k)(2), the Federal Circuit has found that "the purposes of Rule 4(k)(2) are best achieved when the defendant is afforded the opportunity to avoid the application of the rule only when it designates a suitable forum in which

███████████████████████████████████████████

the plaintiff could have brought suit." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009).  Thus, where "the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *Id*. (citing *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir.2001)).  Here, the Moving Defendants assert personal jurisdiction is improper in Texas but fail to identify any other state in which suit is possible.  Motion at 11–12.

Thus, the only element left for the Court to consider is whether "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2).  In that analysis, as Moving Defendants recognize, the Court "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Touchcom, Inc.*, 574 F.3d at 1416 (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1295 (Fed. Cir. 2009)).  In other words, the Court assesses whether the (1) defendant has purposefully directed its activities a residents in the United States, (2) claim arises out of or relates to the defendant's activities with the United States, and (3) the assertion of personal jurisdiction is reasonable and fair.  *Id*.  While the Moving Defendants assert that these elements are not met "because neither defendant has any contacts with the United States such that the exercise of jurisdiction over the defendants is consistent with Due Process," as discussed above, these statements could not be further from the truth.

The Moving Defendants have had ███████████████████████████████████
███████████████████████████████████████████████████████████████.

Additionally, individuals from the Moving Defendants ███████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████. Ex. 2 at 9:1–5. ███████████████

18

**PUBLIC VERSION**

████████████████████████████████████████████████████

████████████████████████████████████████████ the Moving Defendants are ████████

███████████████, and for at least the Captana Accused Products, ███████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████.

Ex. 2 at 13:12–19.  Further, ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████.  Ex. 2 at 11:6–25; Ex. 1 at 65:22–25; Ex. 10.

That neither of the Moving Defendants are incorporated in or have a principal place of business in the United States is of no moment.  *See Touchcom, Inc.*, 574 F.3d at 1415–16 (holding that a federal court is entitled to use Rule 4(k)(2) if the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible).  Neither is required to establish that jurisdiction under Fed. R. Civ. P. 4(k)(2).  *See id.* at 1412.  ████████████████████

████████████████████████████████████████████████████████████████

███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

which are ██████████████████████████████████ by Captana GmbH, and the VUSION ESLs, for which VusionGroup GmbH ████████████████████████████████, that give rise to Plaintiffs' claims of patent infringement in this action.  *See* Dkt. No. 1 at ¶¶ 22–38.

Lastly, for the same reason as discussed above, exercising jurisdiction over the Moving Defendants would be reasonable and fair.

19

**PUBLIC VERSION**

████████████████████████████

Thus, even if the Court finds that personal jurisdiction does not exist in Texas, the Court should nevertheless deny the Moving Defendants' Motion as personal jurisdiction is proper under Fed. R. Civ. P. 4(k)(2).

> **D.** **VusionGroup GmbH's Appearance in a Prior Litigation Establishes that Personal Jurisdiction is Proper in Texas**

VusionGroup GmbH attempts to distinguish its involvement in *Hanshow Technology Co., Ltd. v. SES-Imagotag SA and SES-Imagotag GmbH* Case No. 2:23-cv-00174 (E.D. Tex.) ("*Hanshow I*") from this case by focusing on the fact that this action accuses the Captana Accused Products of infringement and includes Captana GmbH as a named Defendant. Moving Defendants tellingly ignore, however, that the VUSION ESLs are accused in both cases. *See e.g.*, Dkt. No. 1 at ¶¶ 24, 26, 32, 34; *see also Hanshow I*, Dkt. No. 1 at ¶¶ 24, 26, 52. Additionally, Moving Defendants cite to cases suggesting that a prior appearance does not necessarily waive personal jurisdiction in a future action within the jurisdiction. *See* Motion at 12–13 (citing *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F.Supp.3d 585, 594 (E.D. Tex. Aug. 13, 2019) and *Rozenblat v. Sandia Corp.*, 2006 WL 678923, *3 (Fed. Cir. 2006).). However, the cited cases are inapposite. For example, the Court in *Wapp Tech* held that Defendant did not waive personal jurisdiction "by appearing in a previous, unrelated case filed in the same district." *Wapp Tech*, 406 F.Supp.3d at 594. In so holding, the Court focused on the fact that the prior case was unrelated to the case at issue. *Id*. However, the instant action is similar to *Hanshow I* because the two cases involve related parties and an overlap in accused products, which Moving Defendants admit. Motion at 13. Therefore, the factual underpinnings of the cited cases such as *Wapp Tech* do not apply here.

**PUBLIC VERSION**

████████████████████████████████

## V.     CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Moving

Defendants' Motion.


Dated:  July 29, 2024                                        Respectfully Submitted,

*/s/ Boyd Cloern*
 Boyd Cloern
 Scott Richey
 Katherine D. Cappaert
 **Steptoe LLP**
 1330 Connecticut Avenue NW
 Washington, DC 20036
 Telephone:  (202) 429-3000
 Facsimile:   (202) 429-3902
 bcloern@steptoe.com
 srichey@steptoe.com
 kcappaert@steptoe.com

 Jamie Lucia
 Benjamin Ho
 **Steptoe LLP**
 One Market Plaza, Steuart Tower
 10th Floor, Suite 1070
 San Francisco, CA 94105
 Telephone:  (415) 365-6711
 Facsimile:   (415) 365-6699
 jlucia@steptoe.com
 bho@steptoe.com

 Hao Tan (IL Bar No. 6314119)
 Shen Wang (IL Bar No. 6314224)
 Peter J. Curtin (IL Bar No. 6332596)
 **Arch & Lake LLP**
 203 N. LaSalle St., Ste. 2100
 Chicago, IL 60601
 Phone: 312-558-1369
 Fax: 312-614-1873
 Shenwang@archlakelaw.com
 HaoTan@archlakelaw.com

**PUBLIC VERSION**

Pete_curtin@archlakelaw.com

Geoffrey P. Culbertson
(TX Bar No. 24045732)
**PATTON TIDWELL &
CULBERTSON, LLP**
2800 Texas Boulevard
Texarkana, TX 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com

*Attorneys for Plaintiffs Hanshow
Technology Co., Ltd. and Shanghai
Hanshi Information Technology Co.,
Ltd.*

**PUBLIC VERSION**

████████████████████████████

## CERTIFICATE OF AUTHORIZATION TO SEAL

Pursuant to Local Rule CV-5(a)(7)(B), the undersigned certifies that the foregoing document and following attachments are permitted to be filed under seal pursuant to the Protective Order (Dkt. No. 41) governing this case.

*/s/ Boyd Cloern*
Boyd Cloern

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rules. Therefore, this document was served on all counsel who are deemed to have consented to electronic service on July 29, 2024.

*/s/ Boyd Cloern*
Boyd Cloern

23