**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HANSHOW TECHNOLOGY CO., LTD. AND SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD<br><br>    Plaintiffs,<br><br>v.<br><br>SES-IMAGOTAG SA, SES-IMAGOTAG GMBH AND CAPTANA GMBH<br><br>    Defendants. | Case No. 2:23-cv-00617-RWS-RSP |

**DEFENDANTS VUSIONGROUP GMBH f/k/a SES-IMAGOTAG GMBH and CAPTANA GMBH'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2)**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ......................................................................................................... ii

A.    MOVING DEFENDANTS DO NOT HAVE MINIMUM CONTACTS WITH TEXAS OR THE U.S. ................................................................................. 1

B.    THE COURT LACKS PERSONAL JURISDICTION UNDER A STREAM OF COMMERCE THEORY. ........................................................................ 3

C.    PLAINTIFFS ENTIRELY FAIL TO SHOW THAT ITS ALLEGED CONTACTS ARISE OUT OF OR RELATE TO ITS INFRINGEMENT ALLEGATIONS............... 6

D.    PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE... 8

E.    PERSONAL JURISDICTION CANNOT BE ESTABLISHED UNDER FED. R. CIV. P. 4(K)(2). ......................................................................................... 9

F.    VUSIONGROUP GMBH DID NOT WAIVE PERSONAL JURISDICTION. .............................. 10

CONCLUSION ............................................................................................................................ 10

CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL................................... 12

CERTIFICATE OF SERVICE ....................................................................................... 12

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## TABLE OF AUTHORITIES

**Cases**

*Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 n. 1 (5th Cir.1990) ........................................... 10

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) ................ 4

*Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1380 (Fed. Cir. 2015) ................................. 4

*Cellport Sys., Inc. v. Harman Int'l Indus. Inc.*, No. 4:22-CV-808-SDJ,
    2024 WL 1337338, at *5 (E.D. Tex. Mar. 28, 2024). ............................................................. 6, 7

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 251 (5th Cir. 2019) ....................... 6

*Glazier Grp., Inc. v. Mandalay Corp.*, Civ. Action No. H–06–2752,
    2007 WL 2021762, at *9 (S.D. Tex. July 11, 2007) .................................................................. 10

*Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006) .................................... 5, 6

*Seasons USA, Inc. v. SCS Direct, Inc.,* Civil Action No. 2:22-CV-00409-JRG-RSP,
    2023 WL 5344342, at *2 (E.D. Tex. June 9, 2023). ................................................................. 5

*World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ........................................ 6

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

After three months of discovery—including two depositions, interrogatories, and thousands of pages of documents—Hanshow has not identified *even a single* allegedly infringing product sold by VusionGroup GmbH or Captana GmbH ("Moving Defendants") in Texas or anywhere else in the United States. Instead, the evidence confirms that one entity is responsible for sale of the Accused Products in the United States, ███████████████████████████████

███████████████████████████████████████████████████. The evidence also confirms that the Moving Defendants' ███████████████████

███████████

Confronted with these facts, Plaintiffs' argument rests solely on the Moving Defendants' ███████████████████████████████████████

███ While this argument is also unsupported, more fatal is Plaintiffs' complete failure to show that the alleged "knowledge" arises out of or relates to its own infringement allegations.

The bottom line is that Hanshow could have named the proper parties in this case. But for reasons that Hanshow declines to explain in its Opposition, it elected to name two parties over whom the exercise of personal jurisdiction is incompatible with Due Process. As a result, the Court should grant the Motion to Dismiss and dismiss the Moving Defendants from the case.

**A.    Moving Defendants Do Not Have Minimum Contacts With Texas or The U.S.**

Plaintiffs offer no evidence that the Moving Defendants ████████████████████

████████████ Both deponents in this case, ██████████████████

███████████████████████ *See* Ex. 1 at 16:10-12 (Vittorio Depo.); Ex. 2 at 7:17-19 (Rallu Depo.). ██████████████████

██████ Ex. 2 at 33:16-24; Ex. 1 at 39:18-40:2, 50:12-22. It is undisputed that ████████

██████████████████████████████. *See* Dkt. No. 38-1 and 38-2 (Vittorio

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Decls.); Plts. Ex. 3 at p. 11-13 (Amended Responses to Interrogatories). ▮

▮ Ex. 1 at 25: 15-19.

It is also undisputed that neither Moving Defendant makes, sells, advertises, or imports any products in the United States. ▮

▮. Ex. 2 at 40:3-9; Ex. 1 at 48:8-12. ▮

▮ Ex. 1 at 56:10-16. ▮

▮ *Id.* at 49:23-50:1. The Moving Defendants ▮

▮ *Id.* at 39:18-40:2. ▮

▮ *Id.* at 50:12-22. This evidence is uncontroverted.

Nevertheless, to confuse the entities and issues, Plaintiffs' Opposition is littered with mischaracterizations and falsehoods. For example, Plaintiffs state that "Moving Defendants . . . cannot refute that [they] ▮

▮ Dkt. No. 49 at p. 8 (Opposition). This is unquestionably false. As all the testimony demonstrates, neither Moving Defendant ▮

▮ *See* Ex. 2 at 41:14-20; Ex. 1 at 39:18-40:2, 49:23-50:1, 56:10-16. Plaintiffs present no contrary evidence. In a blatant attempt to confuse the issues, Plaintiffs reference "VusionGroup," without specifying the entity. For example, the Opposition references ▮

▮ *See* Dat. No. 49 at pp. 1, 4, 7, 10, 13-15, 18.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

In view of the uncontroverted facts, it is no surprise that Plaintiffs' only argument is that the Moving Defendants, at best, ██████████████████████████████████████ ████████████████████████████. Dkt. No. 49 at p. 9. Even this evidence is based on mischaracterizations. Plaintiffs allege that ██████████████████████████████████ ███████████████████████████████████████████████████████████████████ Dkt. No. 49 at p. 9. This statement is unsupported. Mr. Rallu testified that ████████████████ ██████████████████████████████████████████████. *See* Ex. 2 at 9:15-10:1; 53:12-21. He did not testify that ████████████████████████████████████ Plaintiffs also cite testimony that ██████████████████████████████████████ █████████████████████████████████ *See* No. 49 at p. 10 (citing Pls.' Ex. 1 at 63:4-10; Pls.' Ex. 3 at 12-13). But the testimony does not mention any Captana™ products whatsoever ██ ██████████████████████████████████████████████████████████████████████

Additionally, while Mr. Rallu testified that ██████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████ Ex. 2 at 14:11-22. In fact, ██████████████████████████████████████ *Id.* at 19:20-22.

The remainder of Plaintiffs' cited testimony relates to Vusion US, its operations and its employees. Dkt. No. 49 at p. 9-10. Accordingly, there is no evidence that Moving Defendants ██ ████████████████████████████████████ Accordingly, Plaintiffs' sole argument for jurisdiction is based on a "stream of commerce" theory of specific jurisdiction.[1]

**B.    The Court Lacks Personal Jurisdiction Under a Stream of Commerce Theory.**

Plaintiffs cannot establish specific jurisdiction over the Moving Defendants under a

---

[1] Plaintiffs do not argue general jurisdiction over the Moving Defendants. *See* Dkt. No. 49 p. 7, n. 3.

"stream of commerce" theory because the Moving Defendants did not purposefully direct the Accused Products to Texas, nor did they anticipate that the products would arrive in Texas. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994) (internal citations omitted).

Plaintiffs recognize that the Federal Circuit has not adopted a uniform test for the "stream of commerce" theory of personal jurisdiction. *See* Opposition, Dkt. No. 49 at p. 11-12. In one formulation, goods must be placed in the stream of commerce "with the expectation that they would be purchased in the forum state." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1380 (Fed. Cir. 2015). In another, "something more is required, i.e., the purposeful direction of activities toward the forum." *Id.* (internal quotation marks omitted). Plaintiffs satisfy neither test.

In *Celgard*, the Court found that the plaintiff could not meet even the less stringent standard because there was "no evidence establishing that the [accused products] actually enter the forum state." *Id.* at 1382. The evidence showed only that the defendant sold its products to a third party who resold the products in the United States. *Id.* That is precisely the situation here.



Notably, the majority of Plaintiffs' allegations concern the Moving Defendants' ███████ ███████████████████████████████████████████ *See* Opposition, Dkt. No. 49 at pp. 13-14. Even Plaintiffs' own citations confirm that Captana™ products[2] ███████ ███████████████████████████████████████████████████████ *See* Plfs.' Ex. 1 at 40:20-41:3 ███████████████ ███████████████; Plfs.' Ex. 1 at 50:12-22 █████████████████; Plfs.' Ex. 2 at 19:20-22 █████████████████████████████████. The evidence overwhelmingly shows that sales and importation of the Accused Products ███████████████████████

---

[2] As discussed *infra* § C, the Captana™ camera products are a critical and necessary component of Plaintiffs' infringement allegations.

██████████████████████████. *Id.* at 40:20-41:20, 50:12-22. In fact, VusionGroup GmbH ██ ████████████████████████████ *See* Ex. 1 at 49:23-50:1. Plaintiffs present no contrary evidence, and none exists.

Plaintiffs also argue that Accused Products ████████████████████████ but offers no evidence that the Moving Defendants had any knowledge of, much less role in, ████████████████████. In fact, there is no testimony identifying that ██████████ ████████████████████████████████ *See* Ex. 1 at 74:9-75-7 ████████████████████████████; Ex. 2 at 40:15-41:13 ███████ ██████████████████████████████.

Plaintiffs rely exclusively on *Seasons USA, Inc. v. SCS Direct, Inc.*, to support their argument that mere knowledge is sufficient to impose jurisdiction on the Moving Defendants. Civil Action No. 2:22-CV-00409-JRG-RSP, 2023 WL 5344342, at *2 (E.D. Tex. June 9, 2023). *Seasons USA* is easily distinguishable. *Seasons USA* was a copyright infringement case involving a defendant that placed its products for direct sale to end customers on its own Amazon webstore page. *Id.* Here the evidence conclusively establishes that neither Moving Defendant ██ ████████████████████████████████████ nor do they have anything analogous to a "webstore".

Moreover, *Seasons USA* relies on the Fifth Circuit holding in *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006), which specifically recognizes that "a unilateral decision to take chattel [] to a distant State does not confer jurisdiction." *Id.* (citing *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Essential to the holding was evidence of 65 invoices that showed that the final destination of the products was Texas. *Id.* There is no such evidence in this case, and moreover, there is no evidence of █████████████

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**



██████████████████. ██████████████████████████████████████. *See* Exs. 3-4 ████████████████████████████████. The critical evidence supporting the decision in *Luv N' Care* is absent here.

This case is more analogous to the recent holding in *Cellport Sys., Inc. v. Harman Int'l Indus. Inc.*, No. 4:22-CV-808-SDJ, 2024 WL 1337338, at *5 (E.D. Tex. Mar. 28, 2024). In a patent case, *Cellport* found that the court lacked jurisdiction for two reasons. First, Plaintiff failed to establish that any accused products were sold in Texas, and thus, failed to show that defendants contacts with Texas arose or related to acts of infringement. *Id.* at *5. ████████████ The evidence shows that ████████████████████████████ and Plaintiffs have no contrary evidence. *See* Ex. 2 at 19:20-22.

Second, *Cellport* found that the Court did not have personal jurisdiction under a stream of commerce theory because the evidence did not support imputing the contacts of a corporate parent onto its defendant subsidiaries when there was no showing of an alter-ego relationship between the two companies. 2024 WL 1337338, at *5 (*quoting Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 251 (5th Cir. 2019) ("generally the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated") (internal quotation marks omitted)). Here, as in *Cellport*, the evidence shows that the Moving Defendants ████████ ████████████████████████████████████████████████████████████ *See id.* As in *Cellport*, no evidence here supports a "stream of commerce" theory over the Moving Defendants.

**C.     Plaintiffs Entirely Fail to Show That Its Alleged Contacts Arise Out of Or Relate to Its Infringement Allegations.**

As Plaintiffs recognize, specific jurisdiction requires that a defendants' relevant contacts

with a forum must "arise out of or relate to" plaintiffs' claims of infringement. Dkt. No. 49 at 7. Plaintiffs' Opposition does not discuss this essential second and Plaintiffs have not shown that it is met by either Moving Defendant.

Plaintiffs insist jurisdictional allegations on two combined categories of products, the combination of which Plaintiffs refer to in its complaint as the "Vusion digital shelf platform." *See* Dkt. No. 49 at p. 3, 7 (referencing Complaint). ██████████████████████ *Id.* Separately, ████████████████████ ██████████████████████. *Id.* at p. 4. There is no dispute that the Vusion ESLs do not contain cameras. Plaintiffs present no evidence that the Moving Defendants interact to create the "Accused Products," or that either Moving Defendant is involved with the other's operations. Plaintiffs have not shown that either Moving Defendant ████████████████ ██████████████████████. *See* Ex. 2 at 41:14-20; Ex. 1 at 23:12-16, 80:6-25, 98:15-18.

Plaintiffs' Complaint alleges infringement of U.S. Patents 11,087,272 ("'272 Patent") and 10,701,321 ("'321 Patent"). The claims of the '272 Patent, as described in representative claim 1 quoted in the Complaint, require among other things "capturing one or more images of a portion of a shelf with a camera." *See* Dkt. No. 1 at ¶ 19. The claims of the '321 Patent, as described in representative claim 1 quoted in the Complaint, require among other things "one or more surveillance cameras." While all the asserted claims are directed to camera or video systems, despite this, Plaintiffs staunchly allege in their Opposition that Vusion ESLs also comprise part of the accused systems, methods, and apparatuses.

Plaintiffs' stream of commerce theory rests on each of the Moving Defendants separately introducing their respective products into the stream of commerce with knowledge that they will be sold in the United States. But Plaintiffs do not present evidence that either Moving Defendant

introduces the combined "Accused Products" into the stream of commerce, or that either combines them. In fact, Plaintiffs have not identified any instance where the Accused Products are combined (and thus the alleged infringement occurs) by *anyone* either in Texas or the United States.

Even if each moving Defendant introduces some product into the stream of commerce separately, in neither case is it the product that Plaintiffs claim to allegedly infringe the Asserted Patents. Thus, Plaintiffs do not show, or even substantively argue, that its "stream of commerce" contacts arise out of or relate to Plaintiffs' self-described *infringement* claims. Plaintiffs' failure to discuss the critical second prong of the specific jurisdiction analysis is fatal to its arguments.

**D.  Personal Jurisdiction Over the Moving Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice.**

Plaintiffs cannot deny that hailing the Moving Defendants into a Texas court would offend traditional notions of fair play and substantial justice. Plaintiffs' entire argument stems from the Moving Defendants' mere awareness that other entities are conducting sales in Texas. But it conveniently ignores the facts. Plaintiffs chose to name additional foreign defendants in a clear case of venue manipulation. It is undisputed that the Moving Defendants ███████████ ███ All the Moving Defendants' ████████████████████████ ███████ Plaintiffs have not identified one instance of actual alleged infringement, according to its own contentions, that exists in Texas or the United States. Lastly, this case will proceed with Vusion France as a defendant regardless of whether the Moving Defendants are dismissed.

These combined facts make this an atypical case where Moving Defendants' alleged contacts with the United States, much less Texas, are unrelated to the infringement alleged. It is undisputed that the Moving Defendants' witnesses would be required to travel thousands of miles to a forum that they are unfamiliar. Plaintiffs allege that Texas has an interest in adjudicating the

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

matter and that they have an interest in securing relief. But Plaintiffs omit that, even without the Moving Defendants, this relief will be available to them from Vusion France if this case proceeds.

Plaintiffs cannot articulate a credible reason that the Moving Defendants are necessary parties in this case. Plaintiffs merely allege that the Moving Defendants are essential to avoid "unnecessary third-party discovery fights." However, they present no reason why these "discovery fights" are likely to happen, or why Plaintiffs could not obtain relevant discovery from Vusion France or by subpoena. In fact, had Plaintiffs wanted to name the most relevant party, Vusion US, it could have. If Plaintiffs' arguments about discovery barriers had any merit, which they do not, they intentionally created more barriers by not naming the right party.

### E. Personal Jurisdiction Cannot Be Established Under Fed. R. Civ. P. 4(k)(2).

For the same reasons Plaintiffs cannot establish any relevant contacts in Texas, they fail to establish minimum contacts with the United States that arise out of or relate to their claims of infringement. Again, Plaintiffs' alleged contacts with the United States rest solely on the Moving Defendants' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Moreover, Plaintiffs have failed to show that any isolated instances of Moving Defendants' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ arise out of or relate to their infringement allegations. Plaintiffs identify an instance of a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opposition, Dkt. No. 49 at p. 18. However, Mr. Rallu stated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and Plaintiffs have no other evidence that ▮▮▮▮▮▮▮▮ related to anything tied to its infringement allegations. Ex. 2 at 10:23-12:8. Furthermore, the contact is *irrelevant to jurisdiction* because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.*; *Asarco, Inc. v. Glenara, Ltd.*, 912

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

F.2d 784, 787 n. 1 (5th Cir.1990) ("the relevant time for determining jurisdiction is the filing of the complaint."); *see also Glazier Grp., Inc. v. Mandalay Corp.*, Civ. Action No. H–06–2752, 2007 WL 2021762, at *9 (S.D. Tex. July 11, 2007) ("In the Fifth Circuit, post-complaint activities cannot create specific personal jurisdiction that was lacking when the lawsuit was filed."). Otherwise, Plaintiffs' allegedly relevant contacts rely ███████████████████ ██████, and not either of the Moving Defendants. Thus, the Moving Defendants do not have any relevant contacts with the United States, and the Court does not have personal jurisdiction over the Moving Defendants under F.R.C.P. 4(k)(2).

### F. VusionGroup GmbH Did Not Waive Personal Jurisdiction.

Plaintiffs cite *no* law supporting its position that VusionGroup GmbH has waived its challenge to personal jurisdiction. Instead, Plaintiffs merely argue that an overlap in parties and "accused products" renders this case and *Hanshow I* "related." The cases are not related. Plaintiffs do not deny that *Hanshow I* involves different patents, technology, and products. The Captana™ camera products, which as discussed above, are a central part of Plaintiffs' infringement allegations, are not accused products in *Hanshow I* and Captana GmbH is not a defendant in *Hanshow I*. Nevertheless, even if the cases were remotely similar, which they are not, Plaintiff fails to provide any support for its assertion that jurisdiction would be waived.

### CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court grant their Motion and dismiss them for lack of personal jurisdiction.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated: August 6, 2024

Respectfully submitted,

*/s/ Matthew C. Acosta*
Matthew C. Acosta
Texas State Bar No. 24062577
PLATT RICHMOND PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
Tel. (214) 559-2700
Fax: (214) 559-4390

Grant E. Kinsel
Washington State Bar No. 49576
Perkins Coie LLP
1201 Third Avenue Suite 4900
Seattle, WA 98101
Tel: (206) 359-3516
Fax: (206) 359-9000

Matthew J. Moffa
New York State Bar No. 5045067
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036

Eric H. Findlay
State Bar No. 00789886
Findlay Craft, P.C.
7270 Crosswater Avenue
Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137

*Attorneys for Defendants VusionGroup SA, VusionGroup GmbH, and Captana GmbH.*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7)(B), the undersigned certifies that the foregoing document and attachments are permitted to be filed under seal pursuant to the Protective Order (Dkt. No. 41) governing this case.

*/s/ Matthew C. Acosta*
MATTHEW C. ACOSTA

### CERTIFICATE OF SERVICE

The undersigned counsel for Defendants does hereby certify that this pleading was served on all counsel of record on August 6, 2024 via electronic means.

*/s/ Matthew C. Acosta*
MATTHEW C. ACOSTA