**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HANSHOW TECHNOLOGY CO., LTD. AND SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD.   ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:23-cv-00617-RWS-RSP |
| Plaintiffs, | |
| v. | |
| SES-IMAGOTAG SA, SES-IMAGOTAG GMBH AND CAPTANA GMBH | |
| Defendants. | |

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2)**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. MOVING DEFENDANTS HAVE MINIMUM CONTACTS WITH THE UNITED STATES AND TEXAS ........................................................................................ 2

III. THE COURT HAS SPECIFIC PERSONAL JURISDICTION OVER MOVING DEFENDANTS UNDER THE STREAM OF COMMERCE THEORY .......................... 5

    A. Moving Defendants Directed Their Activities ▓▓▓▓ ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ........................................................ 5

    B. Plaintiffs' Patent Infringement Claims Arise Out of or Relate to Those Activities ....................................................................................................... 8

    C. Personal Jurisdiction Over Moving Defendants Would Not Offend Traditional Notices of Fair Play and Substantial Justice. ............................. 9

VI. PERSONAL JURISDICTION CAN BE ESTABLISHED UNDER FED. R. CIV. P. 4(K)(2) ...................................................................................................................... 10

VII. VUSIONGROUP GMBH WAIVED PERSONAL JURISDICTION ............................. 10

VIII. CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AX Wireless LLC v. Lenovo Group Ltd.*,
　2023 WL 7105701 (E.D. Tex. Sep. 6, 2023) .................................................................2, 3, 7, 9

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
　21 F.3d 1558 (Fed. Cir. 1994) ...........................................................................................4, 6, 8

*Celgard, LLC v. SK Innovation Co.*,
　792 F.3d 1373 (Fed. Cir. 2015) ..................................................................................................6

*Electronics For Imaging, Inc. v. Coyle*,
　340 F.3d 1344 (Fed. Cir. 2003) ..............................................................................................1, 5

*Luv N'Care, Ltd. v. Insta-Mix, Inc.*,
　438 F.3d 465 (5th Cir. 2005) ...........................................................................................3, 7, 8

*Orange Electronics Co. Ltd v. Autel Intelligent Technology Corp. Ltd.*,
　2022 WL 4368160 (E.D. Tex. Sep. 21, 2022) ........................................................................3, 7, 9

I.  INTRODUCTION

Plaintiffs have established that this Court has personal jurisdiction over VusionGroup GmbH and Captana GmbH (collectively, "Moving Defendants"). Despite this, Moving Defendants' Reply (Dkt. No. 51) makes broad, sweeping assertions that Plaintiffs have no evidence supporting personal jurisdiction and that Moving Defendants should be dismissed from the case. Moving Defendants are incorrect.

The evidence establishes that . The law governing personal jurisdiction does not require a foreign entity ██████████ ██████████ for personal jurisdiction to exist. Personal jurisdiction is proper in Texas.

Further, even if there were questions of fact remaining, on a motion to dismiss for lack of personal jurisdiction, the district court must accept uncontroverted allegations in plaintiff's complaint as true and resolve any factual conflicts in plaintiff's favor. *Electronics For Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003). As established in Plaintiffs' well-pled Complaint, this Court has personal jurisdiction over Moving Defendants.

1

\[REDACTED\]

## II. MOVING DEFENDANTS HAVE MINIMUM CONTACTS WITH THE UNITED STATES AND TEXAS

Plaintiffs have provided ample evidence that Moving Defendants have \[REDACTED\] and Moving Defendants' assertions to the contrary are disingenuous. *See, e.g.*, Dkt. No. 51 at 2. Uncontroverted evidence establishes that \[REDACTED\] *See* Dkt. No. 49-8. \[REDACTED\] Dkt No. 49-1 at 41:4–12, 50:12–17; Ex. 1 (Rallu Dep.) at 14:23-16:10. While Moving Defendants assert this does not establish minimum contacts, their arguments lack merit.

For example, Moving Defendants repeatedly emphasize that \[REDACTED\] Dkt. No. 51 at 2. These statements paint an incomplete picture of \[REDACTED\] and are also irrelevant under the law. First, Moving Defendants ignore that, \[REDACTED\] Dkt. No. 49-1 at 51:13–20; *see also* Dkt Nos. 49-8, 49-2.

Second, that Moving Defendants are \[REDACTED\] is of no moment. It is well-established that "a foreign company need not itself sell the accused goods in the forum" or "manufacture the accused goods" in the forum to establish personal jurisdiction. *AX Wireless LLC v. Lenovo Group Ltd.*, 2023 WL 7105701, *3 (E.D. Tex. Sep. 6, 2023). Similarly, jurisdiction "'does not depend on the technicalities of when

███████████████████████████████████████████

title passes;' rather, jurisdiction may attach both to manufacturers who supply their own delivery systems and to those that make use of the distribution systems of third parties." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 471 (5th Cir. 2005).[1] Further, even where, as here, there is a domestic distributor, the "domestic distributor ... need not be a named defendant in the case for personal jurisdiction over the foreign defendant." *AX Wireless LLC*, 2023 WL 7105701 at *3; *Orange Electronic Co. Ltd.*, 2022 WL 4368160 at *1.

Moving Defendants also try to ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████ Dkt. No. 49-4 at 7. ████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████. *Id*. Further, Moving Defendants fail to recognize that ██████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████ Ex. 1 at 14:23–16:10. ████████████████████████████████████

███████████████████████████████████████████

████ *Id*. at 18:15–22. ███████████████████████████

███████████████████████████████████████████

████████████████████

Moving Defendants also assert that ████████████████████

---

[1] While the Court applies Federal Circuit law in patent cases to evaluate whether personal jurisdiction exists, "the Fifth Circuit relies on the same analysis as the Federal Circuit in deciding whether personal jurisdiction exists." *Orange Electronic Co. Ltd.*, 2022 WL 4368160 at *1.

3

██████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████.

Dkt. No. 51 at 3. But ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 1 at 19:14–18, 19:23–20:14, 20:21–25.

None of these points is disputed and ████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████.

Further, with respect to Texas, Moving Defendants do not dispute that ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████. Dkt. 49 at 10; *see generally* Dkt. No. 51.

Moving Defendants also do not dispute that ██████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ Dkt. No. 51 at 3.

Moving Defendants also do not dispute that ██████████████████████

████████████ Dkt. 49-4 at 9. While Moving Defendants argue the evidence does not establish

that ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████. *See Beverly Hills*, 21 F.3d at 1566. Second, it defies logic that ████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

4

█████████████████████████████████████

█████████████████████████████████████. Dkt. Nos. 49 at 4–5; 49-1 at 51:13–20; 49-8; 49-2. Tellingly, while Moving Defendants take issue with the level of proof, they do not affirmatively state otherwise. Dkt. No. 51 at 5. Even if there were a question of fact, at this stage it should be resolved in Plaintiffs' favor. *Elects. For Imaging, Inc.*, 340 F.3d at 1349. Thus, the evidence establishes minimum contacts with the United States and Texas.

### III. THE COURT HAS SPECIFIC PERSONAL JURISDICTION OVER MOVING DEFENDANTS UNDER THE STREAM OF COMMERCE THEORY

As Plaintiffs alleged in their Complaint and explained in their Opposition, minimum contacts exist and personal jurisdiction is proper under a stream of commerce theory. Dkt. Nos. 1 at ¶¶ 9, 14–15; 1-4; 49 at 11–14. Moving Defendants attempt to circumvent this theory by arguing that █████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████. Dkt. No. 51 at 3–4, 6–9. These arguments, however, are based on an incorrect understanding of the legal standard and ignore the established evidence. When viewed under the correct legal lens, substantial evidence supports Plaintiffs' allegations that personal jurisdiction exists.

#### A. Moving Defendants Directed Their Activities ████ ████

As Plaintiffs have already established and outlined in great detail, █████████ █████████████████████████████████████. *See, e.g.*, Dkt. Nos. 1 at ¶¶ 13–15; 49 at 11–14. This establishes personal jurisdiction under one of the two articulations for the stream of commerce theory for personal jurisdiction identified by the Federal Circuit, under which

5

"mere placement into the stream of commerce is sufficient to establish jurisdiction."[2] *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1381 (Fed. Cir. 2015).

Plaintiffs also make the required showing under the other stream of commerce theory test, which further requires "'*an action of the defendant purposefully directed toward the forum State*.'" *Beverly Hills*, 21 F.3d at 1566 (citing *Asahi*, 480 U.S. at 112) (emphasis in original). As outlined in Plaintiff's Opposition, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Dkt. No. 49 at 12.

Further, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Dkt Nos. 49-4 at 6–7; 49-3 at 40:23–41:13; 49-1 at 47:12–14, 51:13–20. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Dkt. Nos. 49-1 at 61:15–21, 66:12–25; 49-4 at 7, 12–13; 49-3 at 9:15–10:1; Ex. 1 at 27:5–23. Further, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See, e.g.*, Dkt. No. 49-3 at 47:1–20, 48:5–20; Dkt. No. 49-11; Ex. 2. This is more than enough to establish personal jurisdiction under the second stream of commerce theory.

---

[2] Moving Defendants' argument that intent is required is based on a party's arguments in *Celgard*, not the Federal Circuit's articulation of the two stream of commerce theory tests.

6

██████████████████████████████████████████████████

VusionGroup GmbH is also ████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████. Dkt. Nos. 49-1 at 49:12–14, 50:9–11, 80:6–17; 49 at 3–4. ████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

Dkt. Nos. 49-1 at 63:4–10; 49-4 at 12–13. This again is sufficient to establish personal jurisdiction under the second stream of commerce theory.

In arguing personal jurisdiction is improper, Moving Defendants manufacture the additional requirements that Moving Defendants be physically located in the United States or Texas, or sell or manufacture the Accused Products there. *See, e.g.*, Dkt. No. 51 at 1–2. But these are not requirements for personal jurisdiction. As discussed above, a foreign company does not itself need to sell or manufacture the accused goods in the forum to establish personal jurisdiction. *AX Wireless LLC*, 2023 WL 7105701, *3. Similarly, jurisdiction does not depend on when title passes. *Luv N' care, Ltd.*, 438 F.3d at 471. Further, even where there is a domestic distributor, personal jurisdiction can exist over the foreign defendant even if the domestic distributor is not named. *AX Wireless LLC*, 2023 WL 7105701 at *3; *Orange Electronic Co. Ltd.*, 2022 WL 4368160 at *1. Additionally, and contrary to Moving Defendants' assertion, there is no need for destination-identifying invoices for establishing personal jurisdiction. *Luv N' care, Ltd.*, 438 F.3d at 471. As the Court in *Luv N' care* stated, "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Id.*, 438 F.3d at 470.

At base, a defendant does not need to manufacture, sell, or import, the Accused Products

███████████████████████████████████████████████████

in or into the United States for personal jurisdiction to be proper. *See* Dkt. No. 49 at 5–7. Instead,

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████. *Beverly Hills*, 21 F.3d at 1566.

**B.    Plaintiffs' Patent Infringement Claims Arise Out of or Relate to Those Activities**

Moving Defendants incorrectly state that Plaintiffs' Opposition does not discuss whether Moving Defendants' ███████████████ "arise out of or relate to" plaintiffs' infringement claims. Dkt. No. 51 at 6–7. As Plaintiffs explained in their Opposition, ████████ ███████████████████████████████████ Dkt. No. 49 at 16. For example, ██████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████ *Id*. The importation, offer for sale, and sale of these Accused Products are central to Plaintiffs' patent infringement claims. *Id*. This is enough to confer personal jurisdiction. *Luv N' care, Ltd.*, 438 F.3d at 473 (finding claim "for infringement from the same bottle that traveled through the stream of commerce from Colorado to Louisiana" was "sufficient to confer personal jurisdiction.").

Moving Defendants assert that ███████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████ Dkt. No. 51 at 7–8. These assertions are legally and factually flawed. First, Moving Defendants provide no legal support for the assertion that Plaintiffs must establish that ███████████████████████████████ enters the stream of commerce together. *Id*. Nor would such a requirement make sense, especially,

8

as here, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. No. 49-5.

Second, Plaintiffs do not need to prove direct infringement for the purposes of establishing personal jurisdiction. Plaintiffs need only prove that Moving Defendants' ▮▮▮▮▮▮ "arise out of or relate to" plaintiffs' infringement claims. Here, the infringement claims are based on the use of the Captana Accused Products and VUSION ESLs, which VusionGroup itself advertises as being used together in practice. *See, e.g.*, Ex. 3; *see also* Dkt Nos. 1-8; 1-9. Moving Defendants' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

### C. Personal Jurisdiction Over Moving Defendants Would Not Offend Traditional Notices of Fair Play and Substantial Justice.

As established in Plaintiffs' Opposition, exercising personal jurisdiction over Moving Defendants would not offend traditional notices of fair play and substantial justice. Dkt. No. 49 at 14–17. While Moving Defendants argue otherwise, Moving Defendants' Reply does not analyze the five factors used to assess whether exercising specific jurisdiction is unfair or unreasonable. *See id.* at 15; Dkt. No. 51 at 8–9. Instead, Moving Defendants make the sweeping accusation that Plaintiffs are simply engaging in venue manipulation, then go on to argue that Moving Defendants' contacts with the United States and Texas are unrelated to the infringement allegations and that Moving Defendants are not necessary in this case. Dkt. No. 51 at 8–9.

All are incorrect. First, as discussed above, there is no requirement that a "domestic distributor ... be a named defendant in the case for personal jurisdiction over the foreign defendant." *AX Wireless LLC*, 2023 WL 7105701 at *3; *see also Orange Electronic Co. Ltd.*, 2022 WL 4368160 at *1. Second, as discussed above and in Plaintiffs' Opposition, ▮▮▮▮▮▮

9



. See Dkt. No. 49 at 11–14. Third, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Thus, Texas has an interest in furthering social policies and ensuring that patent laws are obeyed. *Id*. at 14–20.

## VI. PERSONAL JURISDICTION CAN BE ESTABLISHED UNDER FED. R. CIV. P. 4(k)(2)

Moving Defendants' only argument against jurisdiction under Fed. R. Civ. P. 4(k)(2) is that Moving Defendants do not have minimum contacts with the United States. They do.

As discussed above, the uncontroverted evidence establishes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. at 11–14. Further, as discussed above, Plaintiffs' infringement claims are based on the sale, offer for sale, and/or use of the Accused Products in the United States. *Id*. at 16; *See also* Dkt Nos. 1-8, 1-9. That establishes that Moving Defendants' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are tied to the infringement allegations. Thus, personal jurisdiction is proper under Fed. R. Civ. P. 4(k)(2).

## VII. VUSIONGROUP GMBH WAIVED PERSONAL JURISDICTION

Moving Defendants continue to ignore that the VUSION ESLs at issue in this case are also at issue in *Hanshow I*. As VusionGroup GmbH's consenting to personal jurisdiction being proper over the VUSION ESLs there supports a finding that jurisdiction is proper here.

## VIII. CONCLUSION

For the above reasons, and as established in the Complaint and Plaintiffs' Opposition, Plaintiffs respectfully request that the Court deny Moving Defendants' Motion.

10

███████████████████████████████

Dated:  August 13, 2024

Respectfully Submitted,

*/s/ Boyd Cloern*
 Boyd Cloern
Scott Richey
Katherine D. Cappaert
**Steptoe LLP**
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902
bcloern@steptoe.com
srichey@steptoe.com
kcappaert@steptoe.com

Jamie Lucia
Benjamin Ho
**Steptoe LLP**
One Market Plaza, Steuart Tower
10th Floor, Suite 1070
San Francisco, CA 94105
Telephone:  (415) 365-6711
Facsimile:   (415) 365-6699
jlucia@steptoe.com
bho@steptoe.com

Hao Tan (IL Bar No. 6314119)
Shen Wang (IL Bar No. 6314224)
Peter J. Curtin (IL Bar No. 6332596)
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Shenwang@archlakelaw.com
HaoTan@archlakelaw.com
Pete_curtin@archlakelaw.com

Geoffrey P. Culbertson
(TX Bar No. 24045732)
**PATTON TIDWELL &
CULBERTSON, LLP**
2800 Texas Boulevard
Texarkana, TX 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233

[REDACTED]

gpc@texarkanalaw.com

*Attorneys for Plaintiffs Hanshow Technology Co., Ltd. and Shanghai Hanshi Information Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rules and served on all counsel of record via electronic means. Therefore, this document was served on all counsel who are deemed to have consented to electronic service on August 13, 2024.

*/s/ Boyd Cloern*
Boyd Cloern

## CERTIFICATE OF AUTHORIZATION TO SEAL

Pursuant to Local Rule CV-5(a)(7)(B), the undersigned certifies that the foregoing document and following attachments are permitted to be filed under seal pursuant to the Protective Order (Dkt. No. 41) governing this case.

*/s/ Boyd Cloern*
Boyd Cloern