IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HANSHOW TECHNOLOGY CO., LTD. and SHANGHAI HANSHI INFORMATION TECHNOLOGY CO., LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> SES-IMAGOTAG SA *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § § CIVIL ACTION NO. 2:23-cv-00617-RWS-RSP |

# ORDER

Before the Court is Defendants VusionGroup GmbH (f/k/a SES-Imagotag GmbH) and Captana GmbH's (collectively, "Moving Defendants") Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(2). Docket No. 38. The above-captioned action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge entered a Report and Recommendation which recommended denying the motion. Docket No. 77. On March 24, 2025, Moving Defendants filed objections to the Report. Docket No. 81.

**I.   First Objection**

First, the Moving Defendants argue that the Report erred by applying the *prima facie* standard instead of evaluating the factual basis for personal jurisdiction on a preponderance of the evidence standard. *Id.* at 4. They argue that because Plaintiff conducted discovery on personal jurisdiction, the Court must evaluate the question based on the preponderance standard rather than the *prima facie* standard. *Id.* (citing *Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1309 (Fed. Cir. 2019).

In *Genetic Veterinary*, the Federal Circuit delineated the standard courts should apply when evaluating personal jurisdiction challenges:

> Where the district court's disposition as to personal jurisdiction is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only make a prima facie showing that defendants are subject to personal jurisdiction. *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). Where discovery is conducted, however, the plaintiff bears the burden of proving by a preponderance of the evidence the facts necessary to establish personal jurisdiction over the defendant.

933 F.3d at 1309. The Court recognizes that at some point in this case the question of whether Plaintiffs have proved, by a preponderance of evidence, the facts necessary to establish personal jurisdiction over Moving Defendants must be answered. At this time, however, the Court answers the question based on a *prima facie* showing. The determination of whether to hold a hearing and which standard to apply at various stages of the case is within the discretion of the Court. Under Federal Rule of Civil Procedure 12(i), "[i]f a party so moves, any defense listed in Rule 12(b)(1)–(7) . . . must be heard and decided before trial unless the court orders a deferral until trial." When the Court applies a *prima facie* standard to a motion to dismiss, the Court defers the factual resolution of jurisdiction to a later date. *See, e.g.*, *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 676 (1st Cir. 1992) (if the Court "applies the *prima facie* standard and denies the motion to dismiss, it is implicitly, if not explicitly, ordering that hearing and determination of the motion to dismiss be deferred until the trial.") (citations omitted). Here, specifically, the Court does not foreclose the possibility of holding a hearing at a later date to factually resolve the personal jurisdiction question. Thus, Moving Defendants' objection to the Report's application of the *prima facie* standard is overruled.

## II.  Second and Third Objections

Next, Moving Defendants object to the Report's application of the stream-of-commerce theory of personal jurisdiction. Docket No. 81 at 5–8. First, Moving Defendants argue that the

Report incorrectly relied on Fifth Circuit law regarding the stream-of-commerce theory rather than Federal Circuit and Supreme Court law. *Id.* at 5–6. Next, they argue that Plaintiffs cannot satisfy their burden to show personal jurisdiction under the stream-of-commerce theory. *Id.* at 7.

Specifically, they argue that Plaintiffs are required to prove, not just plead personal jurisdiction. *Id.* They also argue that there are no alleged facts that either Captana GmbH or VusionGroup GmbH sold products that ended up in Texas. *Id.* They argue that this thus fails to meet even the *prima facie* standard under a more lenient stream-of-commerce test. *Id.* Moving Defendants argue that the only evidence Plaintiffs provide is Moving Defendants' provision of certain technical information that is legally insufficient. *Id.* at 8.

As an initial matter, the Federal Circuit has "repeatedly refused to endorse either articulation of the stream-of-commerce theory" from the Supreme Court that Moving Defendants present in their objections. *Id.* at 6–8; *Eireog Innovations Ltd. v. Lenovo Grp. Ltd.*, No. 2:24-CV-00239-JRG, 2024 WL 4519763, at *2 (E.D. Tex. Oct. 17, 2024), *mandamus denied, sub nom. In re Lenovo Grp. Ltd.*, No. 2025-111, 2025 WL 685914 (Fed. Cir. Mar. 4, 2025). To the extent there are differences between Fifth Circuit and Federal Circuit personal jurisdiction jurisprudence, the pleading satisfies the Federal Circuit's stream-of-commerce jurisprudence. Plaintiffs' complaint alleges that "Defendants market, advertise, and/or otherwise promote globally the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION electronic shelf labels ('VUSION ESLs')." Docket No. 1 at ¶ 9. Plaintiffs also allege that "Defendants have made, used, provided, supplied, distributed, sold, offered for sale, and/or imported the VUSION digital shelf platform, which includes, among other things, the accused infringing Captana devices, systems, and/or functionality, and VUSION ESLs in the State of Texas and continue to do so." *Id.* at ¶ 15.

Deposition testimony shows that Captana GmbH and VusionGroup GmbH are aware that the accused products will be sold to customers in the United States: "Q: Captana GmbH is aware of the sales in the United States; is that right? A: Captana Gmbh is aware . . . ." Docket No. 49-1 at 40:22–25. The same holds for VusionGroup GmbH. *Id.* at 50:12–17. Captana GmbH employees have visited the United States. *Id.* at 60:15–21. Captana GmbH provides technical assistance. Docket No. 49-3 at 9:15–10:1; 53:12–21. Similar factual circumstances exist with respect to Vusion GmbH. *See* Dkt. No 49-1 at 64:4–16.

In a recent case, on similar facts dealing with a parent and its subsidiaries, this Court held that the following allegation was sufficient under the *prima facie* standard. That parent Defendant:

> [A]t least acts in concert with its wholly owned subsidiaries to deliver the accused products into the Texas market under a stream of commerce theory. [Plaintiff] alleges that [Defendant's] distribution channel—comprising its wholly owned subsidiaries—is arranged in a way that [Defendant] 'knew, or reasonably could have foreseen, that a termination point of the channel' was Texas."

*Eireog*, 2024 WL 4519763, at *4 (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994)). While the *Eireog* case dealt with a parent company's knowledge, and this case deals with the subsidiaries' knowledge, the Court does not see a reason to analyze the issue any differently. The Court thus reaches the same conclusion.

The totality of the allegations support a finding of requisite contacts with Texas to support personal jurisdiction. Contrary to Moving Defendants' assertion, Plaintiffs provide more evidence of Moving Defendants' contacts with Texas than simply the provision of technical information. Plaintiffs also point to Captana GmbH and VusionGroup GmbH's employees visiting Texas to support the sale of the accused products and the training of employees. Docket No. 49 at 10; Docket No. 49-1 at 50:12–17, 66:12–21, 89:18–90:14. Thus, contrary to Moving Defendants' assertion, they do not "operate *exclusively* outside the United States." Docket No. 81 at 1 (emphasis in original). Plaintiffs allege more than mere awareness by Captana GmbH and VusionGroup

GmbH—rather, they sufficiently allege that they support the development, distribution, and sale of the accused products into the United States and specifically into Texas.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Moving Defendants objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Moving Defendants' objections are without merit. First, the Magistrate Judge's recommendation to deny the motion on a *prima facie* standard was not error. Moreover, this order does not foreclose the Court's ability to hold a hearing at a later date to resolve the facts underlying the personal jurisdiction challenge. Second, the Report's analysis of the stream-of-commerce theory comports with the Federal Circuit's jurisprudence. Accordingly, it is

**ORDERED** that Moving Defendants' objections (Docket No. 81) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 77) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Moving Defendants' motion to dismiss (Docket No. 38) is **DENIED WITHOUT PREJUDICE** to refiling for the Court's determination of the issue on a preponderance standard. It is further

**ORDERED** that Moving Defendants' motion for a hearing on the motion to dismiss (Docket No. 56) is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 31st day of March, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE